## No. 309.

### THE STATE OF LOUISIANA VS. GEORGE OLIVER.

43   1003
105   165
43   1003
111   158

1. When the question is one of a previous threat having been made by the accused against the deceased, it is perfectly competent for an isolated and complete sentence containing a threat to be given to the jury in evidence, notwithstanding the witness did not hear, and could not relate, the whole of the conversation on *other* subjects in the same conversation.

2. It is not competent for proof to be made of the purport and effect of the testimony of *absentees* from the State who were present and testified on a former trial.

APPEAL from the Second District Court, Parish of Webster. *Boone, J.*

*J. Henry Shepherd,* District Attorney, and *Drew & Stewart* for the State, Appellee:

1. It is competent for the State, on a trial for murder, to prove prior threats on the part of the accused against the deceased. Prior threats by defendant against the deceased are relevant. Bishop, Cr. Pr., 2, 629; State vs. Birdwell, 36 An. 829

2. Recent threats on part of accused are always admissible to show malice, and they give rise to presumption of law as to guilt. State vs. Edwards, 34 An. 1012, with numerous authorities there cited.

3. Evidence of what witness testified to at a previous trial between the State and accused is an exception to the general rule of the common law, ancient or modern, and must be confined to cases in which a proper foundation has been laid by proof of due diligence to secure the witness, and then only in cases in which the witnesses are shown to have died, became insane, or are prevented from attendance by the adverse party. Stephens' Digest of Evidence with notes by May, Art. 32, pp. 79 and 80; Bishop Cr. Pr., Vol. 1, 1194, 1195; 36 An 923; State vs. Riley, 42 An. 994.

4. Motions for new trials on the ground that the verdict is contrary to the law and the evidence, are not entitled to any notice by the Supreme Court. 33 An. 310; 35 An. 901; 38 An. 301; 39 An. 671.

*Watkins & Watkins* for Defendant and Appellant:

1. It is a well settled proposition of law that a confession or a dying declaration can not be admitted in evidence unless the whole declaration is given; one part may explain or qualify another. 3 An. 359; 29 An. 514; Whart. Cr. Ev. 688; Bishop, Cr. Pr. 1241; 1 Greenleaf Ev. 218; 11 An. 49; 30 An. 536; 26 An. 622; 1 Greenleaf Ev. 200, 201; 28 An. 653; 13 An. 45; 1 Greenleaf, 159; Bishop Cr. Pr. 1213; Whart Cr. Ev. 299; 26 An. 582; 32 An. 1086. The same rule of law applies equally to threats made by the accused.

2. If it is shown on the trial of a criminal case that a witness, whose evidence has been taken down in writing on the preliminary trial of the same case, is absent from the State, or is dead, or can not be found, the testimony had on the pre-

vious proceeding can be used in evidence either for or against the accused 41 An. 1070; 37 An. 686; 34 An. 523; 28 An. 105; 42 An., State vs. Raley, 995; 33 An. 1332, State vs. McNeil; 34 An. 9, 523, 1037 and 1088.

3. If the absent witness gave testimony in a former trial where there resulted a mistrial, and no evidence was taken down, witnesses may be called to testify what the absent witness' previous testimony was, if the substance of it can be given by them. 23 An. 347, State vs. Cook; Bishop, Cr. Pr. 1195, 1196, 1199; Whart Cr. Ev. 231; 1 Greenleaf, 163 to 168.

4. A continuance will not be granted in a case because of the absence of a material witness, if it appears from the returns of the sheriff that the witness is absent from the State; nor will an attachment issue for such a witness under the case stated where service has not been made at all on him. 34 An. 1037; 14 An. 798.

---

The opinion of the court was delivered by

WATKINS, J. The defendant is appellant from a conviction of the crime of murder without capital punishment, and a sentence to life-time imprisonment in the State penitentiary, relying on three bills of exception.

I.

The *first* bill of exceptions relates to the alleged illegal reception on the part of the prosecution of proof of previous threats made by the accused against the deceased.

The judge states that the witness said he heard the beginning of the conversation and could repeat the substance of it; that he said that he left the parties standing together, but did not know what they said after he left them; that he further said " that Maria Roan walked up to where the accused and others were standing and asked: ' Have you heard the lies George Sikes (deceased) told on his wife?' Defendant said yes, and if he owned it to him to-day ' I'll shoot the top of his head off.' "

The objection urged by defendant's counsel was, that the witness was not able to repeat the *entire* conversation, and that it was not competent for the court to admit an isolated phrase or part of a conversation; that the accused was entitled to have the whole of it, or to have the *whole* excluded from the jury.

The objection is grounded on a general and well-recognized rule of evidence, but we are of opinion that the language quoted by the judge, as the testimony of the witness, constitutes a *distinct threat* which was admissible, and that was the sole object of the District Attorney introducing the evidence. It may be true that much more may have been said in the course of the conversation between the

accused and the persons mentioned by Maria Roan- upon different topics, which she did not hear. That is immaterial. But if more was said on the *same* subject, it was the duty of defendant's counsel to have introduced those other persons and proved that fact and not left it open to inference. We regard the testimony competent.

## II.

The *second* bill relates to the rejection of parol proof of the purport and substance of the testimony of certain absent witness, who, since the former trial of this cause, have *permanently* removed from the State.

The objection urged to the *competency* of the proffered testimony is that it is hearsay evidence. While it is true that Greenleaf lays down the general proposition that the testimony of *deceased* persons given in a former trial, between the same parties, may be proven by other persons who were present, and who may testify·from their recollection of what it was; and that the same author says, " it is also receivable, if the witness, though *not dead, is out of the jurisdiction of the court,* or can not be found after diligent search, or is insane, or sick and unable to testify," etc. (1 Glf., Sec. 163) ; and that " in all cases when the party has, without fault or concurrence, irrevocably lost power of producing the witness again, whether from physical or legal causes, he may offer the secondary evidence of what he testified in the former trial." *Id.*, Sec. 168. Yet this rule—possibly, a ferfectly safe one in *civil cases*—can not with propriety, in our opinion, be extended to *criminal* trials. We are aware of no case in our jurisprudence in which this has been done.

Mr. Bishop, after discussing the question very exhaustively, and citing a number of English cases and precedents, says :

" This principle applies, not only to these formal depositions, but likewise to the evidence of what a witness testified to orally at a previous trial. It moreover prevails, not only in civil cases, but in criminal; and,.in general, in the United States as well as in England.

 \* \* \* But the admission of the evidence is limited, or nearly so, to the case in which the witness is *deceased;* and in this case, it is the general American doctrine to receive equally the deposition taken, as before mentioned, and evidence of the formal oral testimony. \* \* \* But when the witness is \* \* \* *merely in another*

*State*, or otherwise beyond the power of the court, this is not suffi-cient." 1 Bishop, Crim. Prac., Sec. 1098, 2d Ed.; *Ibid*, Secs. 1149 and 1195, 3d Ed.

We think this is the safe and conservative doctrine, and, while operating injuriously in exceptional cases, it will operate as a mutual safeguard to the State and accused persons generally. But it is proper to observe that this expression of opinion is limited to the sole question of the reproduction, by this means, of the *parol* evi-dence of absentees, and, on this ground, we approve of the judge's ruling as correct.

The *third* bill of exceptions relates to the judge's declination of the motion of the defendant for a new trial.

As it relates exclusively to the *sufficiency* of the evidence to justify the verdict, the allowance *vel non* by the district judge of a new trial is a question that is addressed to his sound legal discretion, and with which this court can not deal.

Judgment affirmed.