State vs. Lewis.

Judgment affirmed.

## No. 326.

### THE STATE OF LOUISIANA VS. MARSHALL J. LEWIS.

Exclusion of evidence offered for the purpose of impeaching a leading witness for the State by proof of contradictory statements, when the foundation for such contradiction has been fully laid in compliance with the rules of law, is the denial of a legal right which may have been materially injurious to defendant and justifies a reversal of his conviction and remanding of the case.

APPEAL from the Third District Court, Parish of Claiborne. *Barksdale, J.*

*J. D. Everett* and *J. R. Land*, District Attorneys, for the State, Appellee:

1. In order to constitute *res gestœ* the facts and declarations must be such as are connected with and tend to explain the principal transactions. 38 An. 459, 949.

2. Testimony to impeach a State witness is no ground for a new trial. 34 An. 346; 35 An. 9.
   The statement of a witness to a collateral matter is conclusive and can not be contradicted. Greenleaf on Evidence, Vol. 1, p. 449.

3. The judge can not be required to give a special charge when it is included in his general charge. 35 An. 1058, 1180.
   Nor to charge abstract propositions of law. 35 An. 1043.
   An objection to the entire charge is not admissible. 37 An. 77.

4. The State has a right, on cross-examination of one of defendant's witnesses, to ask him "what the feelings are between him and one of the State's witnesses," though nothing on this point was said in the examination in chief. The question is permissible as testing the credibility of the witness. 33 An. 537.
   The same rule applies when the defendant is a witness in his own behalf. Act 29, 1886.

*J. E. Moore* and *J. W. Holbert* for Defendant and Appellant:

We submit to the court that the defects pointed out in assignment of errors filed in this case are fatal, and that the verdict and sentence should be set aside

and a new trial awarded defendant. On this point we cite the following authorities: 33 An. 231; 31 An. 397 and 406; 32 An. 558 and 1098; 35 An. 208; 30 An. 311; 37 An. 915.

---

The opinion of the court was delivered by

FENNER, J.    The assignment of errors on the face of the record filed by counsel for appellant has no merit.

The record affirmatively shows that defendant was personally present when the sentence was passed.

His presence was not essential when his motion for new trial was overruled.    27 An. 375; 32 An. 558; 33 An. 1408; 38 An. 459.

Neither was it essential for the record to show that he was asked if he had anything to say why sentence should not be passed.    27 An. 393; 30 An. 326; 33 An. 1253; Wharton Cr. Pl., Sec. 906; 1 Bishop Cr. Pr., Sec. 1293.

There are several bills of exception, however, which present charges of serious error.

From the first bill it appears that Jesse Madden, a brother of the deceased, and a leading State witness, had been asked, on cross-examination, the following question as stated by the judge:    "Did you not say on the gallery of Louis' store-house, to or in the presence of W. C. Bond, and shortly after the shooting, that your brother Joe was in fault or was in the wrong, or words to that effect, and that you were glad you saw the difficulty?"    To which he answered, "No."    Subsequently, defendant offered W. C. Bond as a witness and asked him "if Jesse Madden did not tell him, just out of the room, on the gallery, immediately after the shooting, that he was glad he saw the fight, that he did not believe his brother was hit, although he was in fault?"

The question was based on the double purpose of impeaching and contradicting the witness, Madden, and also of proving a part of the *res gestæ*.

The State objected on the grounds that the evidence did not belong to the *res gestæ* and that it was not admissible for the purpose of contradicting the witness because the proper basis had not been laid.

We pass by the question as to whether the evidence belonged to the *res gestæ*, about which there might be doubt.    But certainly, as impeaching testimony, the foundation for its introduction had been

laid in full compliance with the rule on that subject. Comparison of the two questions which we have copied shows conclusively a substantial identity between the statement which he denied having made and that which the defence offered to prove by the impeaching witness that he had made, with all necessary particulars of time, place and circumstances. The judge does not deny the sufficiency of the foundation, but sustained the objection on a ground not urged by the prosecution, viz.: "because the statement was not material to the issue, being merely the witness' opinion of the merits of the affair." We can not agree with the learned judge. The statement might have had a very material and vital influence in the case, and, at all events, the defendant was clearly entitled to the evidence as tending to impeach the credibility of the witness, and as lessening the weight of his testimony. Witness was a brother of the deceased, had seen the whole difficulty, and was a leading witness for the State, and proof that he had made the statement which he had denied, if believed by the jury, would surely tend to weaken his evidence against the defendant.

The cases cited by the State from 34 An. 346 and 35 An. 9 to the effect that newly discovered evidence tending only to impeach a State witness is no ground for new trial, rest on entirely different principles, and obviously have no application here.

This is sufficient to remand the case, and we need not discuss other bills of exception which involve matters not likely to arise again, and, besides, do not strike us as very meritorious.

It is, therefore, adjudged and decreed that the verdict and sentence appealed from be annulled and set aside, and that the case be remanded to the lower court for further proceedings according to law.