The opinion of the court was delivered by
Breaux, J.
Butler Johnson, George Milligan and Edward Clifton were charged with robbery and convicted.
The last named was sentenced to the penitentiary during three years, the others five years.
They appeal from the verdict and sentence, and rely upon six bills of exception.
They interposed a motion for a new trial on the’ground that the verdict was contrary to the law and the evidence.
The accused complain of the refusal of the trial judge to grant them a continuance on account of the absence of a witness.
Order to Summon a Witness in Another Parish.
The motion for a continuance was preceded by an application for a subpoena on the 21st of March, to the sheriff of another parish, to summon the witness for the trial fixed on the 27th day of March, 1895. The case was continued and tried on the 2d day of April.
The defendants urge that having granted the order for the subpoena, the District Judge should not have forced them to make affidavit for a continuance before giving time for the return of the subpoena.
*1227 The trial judge’s statement is that at the time of the application for an order to summon the witnesses he informed counsel that granting the order would not necessarily entitle the accused to a continuance, and that he understood counsel to state that the case would not be delayed. He then signed the order to summon the witnesses, but that counsel said that he was misunderstood by the trial judge. The latter admits that he, possibly, misunderstood counsel. It was none the less, he states, with' him the controlling reason in granting the order.
With reference to the other ground contained in this bill, that relating to a continuance, he states that as the sole purpose in seeking the testimony of the witness was to impeach the character of one of the witnesses for the State; he refused the continuance.
On the 28th day of March the sheriff of the parish of Ouachita, to whom the subpoena had been sent to summon the witness, mailed a postal card, informing the Clerk of Court of Grant that as he had not received any instructions as to the witness, whether white or colored, his employment and other needful information; he had been unable to find him. This postal card was received on the 1st of April. Upon this state of facts, no cause suggests itself to justify us in annulling the verdict of the jury and remanding the case for another trial.
The delay that intervened between the issuance of the subpoena and the day of the trial, the failure to furnish instructions to assist the sheriff to whom it was addressed, and the reasons assigned by the trial judge sustain the correctness of the ruling under which the accused was compelled to make an affidavit for a continuance.
The Refusal to Postpone Trial.
With reference bo the continuance, which was refused, applied for on account of the absence of the witness for whom a summons had issued, we do not think that the ruling gives ground for reversal on appeal.
The testimony sought was for the purpose of discrediting a witness for the State, by proving that his reputation for truth and veracity was bad.
Although he was a stranger in the community, and even if he was a “ tramp,” as alleged by the accused, it does seem to us that reasonable time was allowed to procure the presence of the witness.
*1228 In an early case in our jurisprudence it was decided that a “ continuance will not be granted on defendant’s affidavit, however strong, if there exist suspicious circumstances, not accounted for, and of such character as to warrant the inference that the application is made for delay merely.” Territory vs. Nugent, 1 M. 109.
More recently it was decided “that it is in the discretion of the court, even where the materiality of the expected evidence is set forth in the affidavit, to refuse a continuance if it should appear that the defendant’s sole object is delay.” State vs. White, 7 An. 531.
In matter of continuance, the District Judge is entrusted with broad discretion, and his refusal to grant it is seldom reviewable. State vs. Long, 4 An. 441; State vs. Fulford, 33 An. 679; State vs. Fisher, Ib. 1344.
Proper Foundation to Impeach Witness Not Laid.
This brings us to a consideration of the bill of exceptions to the refusal of the court to permit the defendants to ask a witness, W. B. Teagle, if State witness Day had not made contradictory statements relative to a pistol of which he testified he had been robbed.
The court states that the testimony was not admitted for the reason that the defendant did not lay a proper foundation by asking the witness if he had made the contradictory statement.
The foundation is generally held necessary in case of verbal statements. There was no error in the ruling excluding the testimony. State vs. Johnson, 35 An. 871; Greenleaf, Sec. 462.
Upon Cross-Examination an Attempt was Made to Impeach Witness — Corroboration Permissible.
The third bill of exception relates to the statements of the prosecuting witness, made some fifteen or twenty minutes after the crime had been committed, and near the place it was committed.
In the matter of ruling on this point, the trial judge states that on cross-examination of this prosecuting witness, Day, the defendant attempted to show that he had been in the habit of going to places and pretending that he, Day, had been robbed, that he might excite some feeling and get contributions from a sympathetic public;. that it was with him a game for money, thereby impeaching the testimony, and that, moreover, he admitted the testimony as part of the res gestee.
*1229 It is urged, on the part of the defence, that the court could not admit the evidence in anticipation of an attack upon the veracity of the witness, and that the fact of asking the witness impeaching questions would not be such attack within the contemplation of the law.
A party has the right to introduce evidence in corroboration of a witness who has been impeached or contradicted on his own cross - examination, and although he has not been impeached by extraneous evidence. Law of Witnesses, Rapeljé, Sec. 217, p. 360; Starkie on Ev. 160, 5th Edition.
We pass the question of res gestee without comment, as we think the testimony was admissible upon the ground decided.
Surprise Occasioned by Inconsistency of Witness. — Party Calling, Not at His Mercy.
The fourth bill of exception sets forth defendant’s complaint to a ruling permitting the prosecuting officer to ask a witness for the State whether or not he had made different statements out of court to certain persons named.
The trial judge says, in support of his ruling:
“If the District Attorney was taken by surprise, as he evidently was, he not only had the right to ask the questions, but to introduce proof of these statements.”
It is a well-settled rule that one calling a witness is not absolutely bound Dy his testimony.
Here there was surprise, and there was in consequence no error in permitting the prosecuting officer, at any time during his examination, to ask witness if he had not stated the facts differently. A line of examination permissible only in case the witness, by his conduct or utterances, has grossly mislead the party by whom he was called.
The following authorities and text writers sustain the ruling: State vs. Simon, 37 An. 569; State vs. Clark, 38 An. 105; Whart. Cr. Ev., Secs. 482, 883, 484; 1 Green. Ev., Secs. 449, 462.
Confessions Affect Only the Party Making Them.
The defendants, in their fifth bill of exception, complain of the trial judge’s ruling permitting the prosecuting officer to prove that one of the accused, Clifton, had made a confession.
*1230 The grounds of complaint are, that the confession was not free and voluntary; that it was not made in the presence of the other accused; that it was some time after the alleged crime had been committed; that it was not a confession, but, on the contrary, a positive denial of guilt; and, lastly, that it was not admissible to prove an independent or extraneous fact.
The accused was under arrest when he chose to make statements regarding the crime charged, but he was not in any manner threatened, nor were promises of any kind made to him or the least influence exerted.
The mere fact that an accused is under arrest is not cause to exclude statements admitting his guilt.
The objections urged by the other accused that the alleged confession was made after the crime had been committed, presents greater difficulty. The purpose of the conspiracy having been accomplished, the statements then and there made were not admissible against co - defendants. When the common enterprise is at an end no confession was admissible against any but himself. State vs. Jackson, 29 An. 354; State vs. Buchanan, 25 An. 89; 2 Bishop C. P., par. 230; Wharton Crim. Ev., par. 699.
The record does not disclose that the trial judge instructed the jury that the declarations in question were not admissible against the other defendants.
Under instruction of the court to the jury that the evidence was admissible only against the accused, who had made the statements, the testimony was admissible.
Without that instruction and without limiting it at all, it was error to admit the confession against all the defendants. As a confession against Clifton, it was admissible.
“ As this testimony was not used against her, under the instructions of the District Judge, she can not complain. She urges that it had an effect on the jury. But we must presume that the jury followed the instructions of the court.” State vs. Harris & Nellum, 27 An. 572, 573.
Here no such instruction was given to the jury, and the case will have to be remanded for new trial as to Johnson and Milligan.
With regard to the confession of Clifton, the following is supported by a number of decisions:
“The defendant is entitled to have all he said on the one occasion, *1231 the exculpatory with the inculpatory statements produced before the jury; yet they may believe and act upon such part as to them seems true, and reject the rest.” Bishop on O. P., par. 1241.
Separate and subsequent assertions of innocence are not admissible i but exculpatory statements made in a confession may go to the jury with those statements proving guilt.
We do not think that the accused, Clifton, has any ground of complaint before this court. As a question of fact, the jury considered the exculpatory and inculpatory evidence, and found him guilty.
Having had the benefit of the former, he can not urge its admission as evidence of an error of the trial judge.
A Witness Who Does Not Remember — Question Propounded to Impeach.
The sixth and last bill of exception sets forth that the court erred in permitting the prosecuting officer to propound impeaching questions to one of defendant’s witnesses, without, the defendant urges, having previously laid a proper basis.
In answer to these questions, the witness stated that he did not remember having related certain facts mentioned to him to persons named by the prosecuting officer.
As the witness did not positively deny that he had made such statements, it is urged that he could not be impeached.
In an English case, Crowley vs. Page, Parke B. observed: Evidence is admissible to prove that the witness did say what is imputed (although he says he does not recollect), always supposing the statement to be relevant to the matter at issued. If such were not the rule, a witness who says he did not remember could never be contradicted.
Mr. Rapaljé, in his work on the Law of Witnesses, Par. 204, commends that ruling:
“It is true, the proof of the statement imputed to the witness, which he says he does not remember to have made, is not admissible as a contradictory statement, for until further inquiry be made, there is no apparent contradiction, but still it seems the evidence should be admitted, for the imputed statement, when proved, may be such as to amount to a direct contradiction of the witness, and may also possibly convince the jury that the witness did not speak the truth in saying he did not remember making the statement. If *1232 the rulewere otherwise, it might happen that under the pretence of not remembering, a witness who has made a false statement, and who knows it to be false, would escape contradiction and exposure.”
If the testimony was negative, or did not prove anything at all, as in case of State vs. Chevallier, 36 An. 81, and the question was propounded only to delay and embarrass the trial, it should not be permitted.
If, however, the witness does not recollect, proof of the statement should be admitted, when it is equivalent to a contradiction.
The motionffor a new trial sets forth no grounds not heretofore passed upon in deciding points brought up in the bills of exception. It is therefore overruled.
It is therefore ordered, adjudged and decreed that the verdict, sentence and judgment of the court a qua is affirmed in so far as relates to Ed. Clifton.
It is ordered and decreed that, in so far as relates to Butler Johnson and George Milligan, the verdict, sentence and judgment are annulled, avoided and reversed, and the case as to these, Butler Johnson and George Milligan, is remanded to the District Court for a new trial, in accordance with the views herein expressed.