(66 South. 544)

No. 20923.

STATE v. POWERS.

(Nov. 16, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW &#8780;1170½ — APPEAL — GROUND FOR REVERSAL—EXCLUSION OF EVIDENCE.

The exclusion of evidence offered by the defendant for the purpose of contradicting and impeaching a leading state witness, where the proper foundation has been laid, is the denial of a legal right which may have been materially injurous to the defendant, and justifies a reversal of the conviction and the remanding of the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3129–3135; Dec. Dig. &#8780; 1170½.]

2. WITNESSES &#8780;268 — CROSS-EXAMINATION —DECLARATIONS OF ACCUSED.

If it be relevant for the state to prove the declarations of the accused at the time of the homicide, a cross-examination on the same subject-matter is equally relevant.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. &#8780;268.]

3. JURY &#8780;117—MOTION TO QUASH VENIRE —TIME.

A motion to quash the jury venire comes too late after entering on the trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 544; Dec. Dig. &#8780;117.]

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Jos. L. Golson, Judge.

Monroe Powers was convicted of murder, and appeals. Reversed and remanded for new trial.

Kilbourne & Walker, of Clinton, for appellant. R. G. Pleasant, Atty. Gen., H. H. Kilbourne, Dist. Atty., of Clinton (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. The defendant was indicted for the murder of one Ike Tapp, and was tried and found guilty as charged.

Defendant was sentenced to death, and has appealed.

[1] The first bill of exception reads as follows:

"Be it remembered on the trial of this case, while the state's witness, W. E. Betz, was under cross-examination, having sworn on direct examination that the only words spoken by the accused at the time of the shooting were, 'I'll fix you right now you s—— of a b——,' counsel for the accused asked the witness, 'Did not the accused say to the deceased, when 'he walked up, "Old man, you have been talking about my wife again and abusing her and running over me all the year; now I want you to repeat what you said to my wife?"'—the purpose being to lay the foundation to impeach the witness by showing contradictory statements made by him. And for this purpose counsel asked same witness if he had not made such a statement to Mr. J. B. Wall, all of which was objected to by counsel for the state, and his objections sustained by the court. * * *

"By the Court: What the deceased said to his wife is immaterial. * * *

"The question propounded to the witness did not suggest an assault at any time. In absence of an assault, I hold the testimony or fact to be collateral and immaterial, and the witness cannot be so impeached."

The prosecuting attorney adds:

"The question objected to was asked for the evident purpose of bringing out testimony of threats or laying the proper foundation therefor, and not for the purpose of testing the accuracy, veracity, etc., of the witness."

The notes of evidence on which the bill was drafted read as follows:

"The witness Mr. Betz having stated on direct examination that the only words spoken before the shooting when Powers arrived were, 'I'll fix you right now you son of a bitch,' counsel for defendant then asked the witness on cross-examination if Powers did not say when he walked up, 'Old man you have been talking about my wife again and abusing her, and been running over me all the year; now I want you to repeat what you said to my wife.' Offered for the purpose of contradicting the witness."

"Objected to on the ground that the witness has already testified to the entire statement made by the accused, and that the purpose of the question is to elicit irrelevant matter. Court sustained the objection by the court and for the further reason that the testimony is irrelevant without proof of an overt act."

"Witness then remembered Mr. J. B. Wall talked to him; he was asked if he did not make the above statement to Mr. Wall at that time—the purpose being the same stated in the previous question. Same objection, same ruling, same exception, and counsel for defendant reserves the point and time to prepare bill of exception."

It also appears from the notes of evidence that the defendant testified as to a conversation with the deceased before the shooting, in which he called the attention of the deceased to his treatment of defendant's wife the evening before.

[2] We are of opinion that the court below erred in ruling out the cross-question propounded to the witness. The examination and the cross-examination related to the same subject-matter, to wit, the declarations of the accused at the time of the homicide. If the testimony of the state witness as to words used by the accused was relevant, the contradiction of such testimony was equally relevant. The acts and declarations of both participants at the time of the homicide constituted the res gestæ. Marr's Crim. Jurisprudence, p. 682. A declaration of the accused is admissible in his favor when it constitutes a part of the res gestæ. Id. pp. 660, 661. A declaration of the accused, when sought to be used against him, must be used in its entirety, so that he may have the benefit of any exculpation or explanation the whole statement may afford. Id. 655. The prosecution, by attempting to prove certain incriminating declarations on the part of the defendant, opened the door for proof of *all* declarations made by him at the time of the homicide.

The ruling of the court below prevented the witness from answering the questions propounded to him, and thereby deprived the defendant of his right of cross-examination for the purposes of contradiction and impeachment.

In State v. Lewis, 44 La. Ann. 958, 11 South. 572, the court held that the exclusion of evidence offered for the purpose of impeaching a leading witness for the state by proof of contradictory statements, where proper foundation has been laid, is the denial of a legal right which may have been materially injurious to the defendant, and justified a reversal of the conviction and the remanding of the case. In that case as in this the judge ruled out the evidence as not material to the issue, but the court said:

"The defendant was clearly entitled to the evidence as tending to impeach the credibility of the witness, and as lessening the weight of his testimony."

[3] In his motion for a new trial the defendant complained, for the first time, that nine of the trial jury had not been legally drawn, because one of the jury commissioners had vacated his office by accepting the office of cattle inspector for the parish. The motion, if meritorious, came too late. The objection should have been made before entering on the trial. Act 135 of 1898, § 16; State v. Starr, 52 La. 610, 26 South. 998.

It is therefore ordered that the verdict and sentence be reversed, and this case remanded for a new trial according to law.