ROGERS, ,J.
 

 Appellant was prosecuted and convicted on a bill of information charging him with the offense of selling intoxicating liquor for beverage purposes. There are three bills of exception in the record.
 

 Bill No. 1. The bill recites that the information was filed without leave of court previously obtained. This is permissible. State v. Roye, ante, p. 331, 108 So. 661, this day decided.
 

 Bill No. 2. This bill relates to the admission of a statement by the prosecuting witness that he received his information as to: where the defendant lived from the ferryman. The place where this conversation was had was about a mile from the spot where the witness claimed to have purchased the intoxicating liquor. The admission of the testimony was objected to, because hearsay, not part of the res gestee, irrelevant, and' immaterial.
 

 The trial judge says that the question of the identity of the place where the liquor was bought as the home of the seller having, been made an issue in the case by the defense, and the witness being unfamiliar with the locality or the citizens thereof, he. “considered the evidence relevant, as part, really, of the res gestae, and admissible.”
 

 The bill is vague and unsatisfactory, and we are not prepared to say, from its recitals, that the testimony objected, to was inadmissible. Conceding, however, that the ruling was
 
 wrong,
 
 appeals in criminal cases are not granted merely for the purpose of testing, the correctness of the rulings, of the trial judge, but to rectify any injury caused thereby. There is nothing in the bill to show how the mere statement of the ferryman to the prosecuting witness as to the place where defendant lived could have been prejudicial to defendant. It is true, in their brief, counsel say one of the defenses set up was that the place described by the witness as being where he bought the whisky was not the residence of the defendant, the defendant denying that he saw the witness or sold him any whisky at any time. Even if we could consider this as disclosing the facts and circumstances relied upon, which we cannot do, we are at a loss to understand how it coulfi affect the case. The gravamen of the offense was the sale of the whisky, not the place where it was sold. The question of whether the witness purchased the whisky from the defendant at his home or at some other place concerned the weight to be given to the testimony and not to its admissibility.-. The trial, judge was convinced, from all -the evidence- adduced on
 
 *335
 
 the trial of the ease; that defendant was guilty of the offense charged, and we are unable to grant him any relief under this bill.
 

 Bill No. 3. This bill was taken to the overruling of a motion for a new trial upon the allegation that the conviction was contrary to the law and the evidence. The bill presents nothing for our review.
 

 Eor the reasons assigned, the conviction and sentence appealed from are affirmed.