188 So. 731

**STATE v. TAYLOR.**

No. 35191.

April 3, 1939.

Rehearing Denied May 1, 1939.

S. S. Reid, of Amite, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Bolivar E. Kemp, Jr., Dist. Atty., of Amite, and Joseph M. Blache, Jr., Asst. Dist. Atty., of Hammond, for the State.

ROGERS, Justice.

The defendant, Johnnie Taylor, was indicted, tried and convicted for the crime of shooting Ed Brumfield with a dangerous weapon with intent to kill and was sentenced to imprisonment in the State penitentiary for not less than one year nor more than three years. Defendant is appealing from his conviction and sentence.

Defendant complains of the refusal of the trial judge to permit him to prove alleged contradictory statements made by the prosecuting witness at the Charity Hospital in the City of New Orleans several days after the shooting occurred.

The bill of exception shows that the State placed Ed Brumfield, the prosecuting witness, on the stand and that he "proceeded to testify to a certain state of facts concerning the alleged shooting; that on cross examination by counsel for defendant, said Ed Brumfield, was asked the specific question that if he did not on Wednesday, July 6th, 1938, in the Charity Hospital, in the City of New Orleans, Louisiana, have a conversation with one Herman Ricks, and if he did not make certain statements concerning the facts of

the shooting to said Herman Ricks and the witness Ed Brumfield answered that he did not remember having had such conversation with Herman Ricks and did not remember anything which he told Herman Ricks on that day. That thereafter the defendant, John Taylor, placed Herman Ricks on the witness stand in his behalf and asked him if he did not have a conversation with Ed Brumfield, on the day at the time and place heretofore stated for the purpose of impeaching and contradicting the testimony of said Ed Brumfield which said testimony was objected to by the District Attorney for the reasons that the witness Brumfield having failed to remember what statement, if any, was made by him to said Herman Ricks there was nothing to impeach and that thereupon the Court sustained said objection and refused to permit the witness, Herman Ricks, to testify as to said conversation * * *."

The ruling complained of is clearly erroneous. It is well settled that a witness who states that he does not remember whether he made certain statements to a person named may yet be impeached by proof that he did make the statements as charged, which he affected not to recall. State v. Lewis, 44 La.Ann. 958, 11 So. 572; State v. Johnson, 47 La.Ann. 1225, 17 So. 789; State v. Ross, 160 La. 661, 107 So. 481.

But this Court has repeatedly held that in order to justify the appellate court in reversing a conviction, not only injury but prejudice as a consequence thereof must be shown. State v. Thornhill, 188 La. 762, 178 So. 343 and authorities therein

cited. See, also, State v. Pearson, 161 La. 332, 108 So. 661.

And refusal to permit impeachment of State's witness can not be held erroneous where bill of exception fails to show that testimony concerning which impeachment was sought was relevant. Code Crim.Proc. art. 494; State v. Conerly, 48 La.Ann. 1561, 21 So. 192; State v. Chandler, 178 La. 7, 150 So. 386. In State v. Conerly, supra, this Court, in holding that the testimony of a state witness named Warren Barnes could not be impeached, said [48 La.Ann. 1561, 21 So. 194]: "In the case at bar, we have been informed neither as to what Barnes testified to at the trial, nor what the statements were which defendant claims were different from those made by him on the trial. His testimony may have been purely on immaterial, irrelevant, or collateral matters, of no moment; and it would be a very unsafe practice to reverse a judgment or verdict upon a mere presumption or possibility that the matters testified to, and those which were sought to be introduced with a view of discrediting the witness, were of such a character as to have resulted in an injury to the accused. Barnes' testimony could have been taken down under the act of 1896, or it could at least have been recited in the bill of exceptions, so as to bring us to a knowledge of the importance or materiality of the error of the district judge, if error he had in fact committed."

So in the present case we have not been informed by the bill of exception as to what Brumfield testified at the trial, nor what the statements were in the Charity Hospital which defendant claims were dif-

ferent from those made by the witness on the trial. His testimony may have been purely on immaterial, irrelevant or collateral matters, of no moment, and not such as to justify this Court in reversing defendant's conviction upon a mere presumption or possibility that, the testimony of the witness and the statements sought to be introduced for the purpose of discrediting his testimony were of such a character as to have resulted in an injury to the defendant.

The testimony of Brumfield could have been taken down under the provisions of Act No. 113 of 1896, or it could have at least been recited in the bill of exception so as to fully inform this Court of the importance or materiality of the testimony and the prejudicial effect of the erroneous ruling by the trial judge.

Our conclusion is that no reversible error is exhibited by the record in this case.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

HIGGINS, J., absent.