301 So.2d 653 (1974)
STATE of Louisiana
v.
Henry Lee WATSON.
No. 54799.
Supreme Court of Louisiana.
October 11, 1974.
*654 John Barkley Knight, Jr., Samuel T. Singer, Winnsboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., S. E. Lee, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On June 23, 1973 Elnora Morrilla was killed by a .38 caliber bullet which was fired from a weapon in the possession of the accused. The defendant claimed that the shooting was accidental.
On September 24, 1973 the defendant was indicted by the Grand Jury of Franklin Parish for murder. On October 4, 1973 the defendant pleaded not guilty. The defendant, through retained counsel, filed a motion to quash and a motion for a bill of particulars. The motion to quash was denied and the defendant reserved an exception. The State refused to answer one item in the bill of particulars and the court refused to order the answer. To this ruling the defendant also reserved a bill of exceptions. The trial was held on November 13 and 14, 1973 and the jury returned a verdict of guilty of manslaughter.
Bill of Exceptions No. 1
This bill was reserved when the trial judge refused to require the State to produce the oral statements made by the defendant to the police before the trial of the case. Defendant admits that the jurisprudence of this State is clear that the defendant is not entitled to pretrial discovery of his oral statements. State v. McLeod, 271 So.2d 45 (La.1973); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972). Defendant argues, however, that the rule which allows the defendant to discover written confessions should be extended to include oral confessions. This court has consistently refused to extend this rule which was first announced in State v. Dorsey, *655 207 La. 928, 22 So.2d 273 (1945). State v. Simpson, 216 La. 212, 43 So.2d 585 (1949); State v. Martinez, 220 La. 899, 57 So.2d 888 (1952). Discovery by defendant in criminal cases is greatly restricted. In State v. Dorsey, supra, the court realized that it was in effect creating an exception to the rule that the defendant is not allowed to discover the evidence on which the prosecution bases its case. The court specifically limited the holding to a written confession by the accused.
The rule allowing pretrial inspection of written confessions was extended to include video taped confessions, State v. Hall, 253 La. 425, 218 So.2d 320 (1969), and tape recorded confessions, State v. Bendo, 281 So.2d 106 (La.1973).
Pretrial inspection of evidence, even of confessions, is not a question of constitutional proportions. Cicenia v. Lagay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958); Leland v. State of Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); Welch v. Beto, 234 F.Supp. 484 (S.D.Tex.1964); Mears v. State, 422 P.2d 230 (Nov.1967) (cert. den. 389 U.S. 888, 88 S.Ct. 124, 19 L.Ed.2d 188 reh. den. 389 U. S. 945, 88 S.Ct. 299, 19 L.Ed.2d 303. See annotation at 7 A.L.R.3d 8. There is no statute requiring the production of "oral confessions." Probably for the reason that the management of a scheme requiring such production would be difficult and complicated, Louisiana courts have consistently refused to extend the rule for production to oral statements of the accused.
The bill is without merit.
Bill of Exceptions No. 2
The defendant moved to quash the indictment on the alleged grounds that the grand jury and petit jury lists were improperly constituted because they contained only a token number of members of the Negro race and because females were excluded.
This court has consistently announced that the Louisiana exemption of women from jury service is constitutional under Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). This policy will be continued until it is changed by the United States Supreme Court. See cases cited in State v. Edwards, 287 So.2d 518 (La.1973).
Defendant also argues that the jury venires were improperly constituted because members of the Negro race were included in only token numbers. The defendant must make a prima facie showing that Negroes were systematically excluded from the jury. Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972). However, mathematical standards are not the determinative factor. The facts of each case must be examined to determine whether systematic exclusion has occurred. Robert Lowe, Clerk of Court for Franklin Parish, testified that the various jury venires were selected at random from the voting rolls. The defense offered no evidence which showed that there was a systematic exclusion. The stipulated evidence shows that the composition of the jury venires was not in proportion to the general population of the parish. However, absent a showing of a selection system that was not racially neutral this court cannot find that the defendant has established a prima facie case on this point.
The trial judge correctly denied the motion to quash.
Bill of Exceptions No. 3
This bill was reserved when the trial judge, over the objection of defense counsel, allowed the prosecutor to bring out evidence on redirect examination that was not covered by the defense on cross-examination. LSA-R.S. 15:281 allows the trial judge to decide whether the prosecutor will be allowed to exceed the scope of *656 the cross-examination on his redirect examination. This decision, being within the trial court's discretion, must be upheld unless an abuse of discretion can be shown. State v. Lyons, 113 La. 959, 37 So. 890, 899 (1904). Defendant does not show that the trial judge abused his discretion and therefore this exception is without merit.
Bill of Exceptions No. 4
This bill was reserved when the trial judge allowed the prosecution to introduce into evidence the oral statement of the defendant made at the time of his arrest. When the defendant was first found hiding in the woods behind the victim's house he told the arresting officers that someone had entered the house and shot both him and the victim. When he was taken to the police vehicle to be transported to the hospital Sheriff Parker read the defendant his "Miranda" rights. The defendant continued to repeat this story while he was being taken to the hospital. After the defendant was released from the hospital he was taken to the sheriff's office and questioned. Before being questioned he was read and given an explanation of his "Miranda" rights. The State introduced evidence concerning the original story told by the defendant to the police at the scene of his original detention. The trial judge properly allowed this testimony over the objection of the defense counsel. The original statement made by the accused was not solicited by the officers. It was voluntarily and spontaneously made by the accused to the officers. There is no need for the Miranda warnings in this situation. Diaz v. United States, 264 F.Supp. 937, 945 (E.D.La.1967) (aff'd per curiam, 5 Cir., 391 F.2d 392).
The evidence was properly admitted.
Bill of Exceptions No. 5
During the voir dire examination, one of the jurors was asked if he knew or was related to anyone in the sheriff's department. The juror stated that he knew Bill Holcomb. Officer Holcomb was not included on the list of witnesses that the State had provided the defense at the time of the voir dire examination, but was called to testify about the chain of custody of the bullet which had killed the victim. Defendant argues that if he had known that Bill Holcomb would be called by the State he would have examined this juror on his relationship with Bill Holcomb and possibly had him excused for cause. This contention is without merit. A prospective witness is not included in the list of people in C.Cr.P. 797(3). This section states that the juror is to be removed for cause if he is related to or knows the defendant, victim, district attorney or defense counsel. There is no showing that this juror was not impartial. Officer Holcomb was only put on the stand to testify as to the chain of custody of the bullet which killed the victim. No prejudice occurred.
This bill is without merit.
Bill of Exceptions No. 6
The defense objected when the prosecutor attempted to introduce evidence that the defendant and the victim had quarreled and had fought some eight or nine months before the incident in question. Prior difficulties between the defendant and the victim are generally admissible in murder prosecutions. The remoteness in time should properly go to the weight of the evidence not the admissibility of it. State v. Burkhalter, 211 La. 342, 30 So.2d 112 (1947). See also State v. Ross, 160 La. 661, 107 So. 481 (1926).
Bills of Exceptions Nos. 7 and 8
The defendant reserved an exception when the trial judge denied his motion for a directed verdict. Defendant also excepted when the trial judge denied his motion for a new trial. Defendant alleges that these motions were incorrectly denied because there is no evidence that the defendant *657 committed this crime and because the jury verdict is contrary to the law and the evidence. Both exceptions present the same issue for review in this court. This court has no jurisdiction to review questions of fact. Art. 7, § 10, La.Const. of 1921. Therefore, we can only reverse the trial court ruling on the directed verdict if, as a matter of law, we find that there is "no evidence" of some element of the offense in the record. State v. Douglas, 278 So.2d 485 (La.1973). Additionally, this court cannot review the decision to refuse to grant a new trial unless it is made on an erroneous ruling of law. Thus, for this exception, we must also find that there is "no evidence" of some element of the offense if we are to reverse the trial judge. State v. Dunnington, 157 La. 369, 102 So. 478 (1924).
The victim was a young married woman who had been involved for some years in an extramarital relationship with the defendant. The relationship was apparently known in the community, partly because of frequent loud and sometimes violent quarrels between the victim and defendant.
The victim was shot once in the neck. Medical evidence about powder burns and the wound indicated that the gun was in contact with flesh at the moment of the shot. After the shooting, defendant fled, shooting himself in the head with two glancing shots, then hiding the gun in the woods. He explained to a neighbor that he had been hit over the head with a bottle; to the police he repeated a story of being shot, along with the victim, by an unknown assailant while in the victim's house. Ballistics testimony showed that it was highly improbable that the shooting could have occurred as described by the defendant. Defendant claimed the revolver fired after he loaded it and flipped the cylinder in place.
There was sufficient evidence to support the verdict of the jury. The trial judge's rulings on the motion for a directed verdict and the motion for a new trial are therefore correct.
For the foregoing reasons, the conviction and sentence are affirmed.
BARHAM and TATE, JJ., concur. As to Bill No. 1, oral confessions should be produced and their voluntariness or not, settled at a hearing in advance of the trial on the merits. However, we are not of the opinion that a conviction is at this time reversible in view of reliance upon past jurisprudence and lack of prejudice shown.