BLANCHARD, J.
The accused was proceeded against on the charge of grand larceny. The things stolen were articles of jewelry, including three miniatures, and the same were alleged to be “of the goods, property and chattels of Mrs. George DeGaham.”
He was found guilty as charged, and from a sentence of one year at hard labor appeals.
Ruling — The accused, through counsel other than those who defended him at the trial, applied for a new trial, averring the verdict returned to be contrary to law for several reasons, one of which was that the- prosecution had failed to prove one of the principal ingredients of the crime of larceny, to wit:— ownership in the party named as owner in the bill of information.
His contention is that the ownership being laid in Mrs. DeGaham, and she being a married woman not separate in property from her husband, the ownership should have been laid in the husband, and that proof the things belonged to the community did not authorize a conviction under the information laying their ownership in the wife.
On the trial of his motion for a new trial he offered the stenographic report of the testimony of Mrs. DeGaham, the prosecuting witness, taken at the trial, and referred to the following as sustaining his contention that the property was community in character:—
“Question (by the State): Are you married?
“A. Yes, sir.
“Q. Are you and your husband separate in property?
“A. No, sir.
“Q. It is here charged that certain articles belonging to you were stolen, did they belong to you or your husband?
“A. To me and my husband.”
The foregoing is the only part of the examination of Mrs. DeGaham which counsel quotes in his brief, though all of her testimony comes up attached to his bill of exceptions. Her examination was very lengthy and the three questions and answers given above occurred right in the beginning. He-does not give the fourth question and answer,, which were:—
“Q. It is your property?
“A. Yes, sir.”
Here then was a question of fact — the ownership of the property — and on the proof administered the jury found its ownership to be in Mrs. DeGaham. They must have been satisfied it was her separate property.
It is not the province of this Court to determine whether the jury were right or wrong in their determination of the issue thus presented.
When she answered first that the things stolen belonged to her and her husband, she may have meant that some of them (for there were many articles) belonged to her separately and some of them to her husband, or to the community.
If some of them were her separate property, it sufficed to sustain the conviction.
Her final answer on this -branch of her examination was that the property stolen was hers.
It was for the jury — not this court — to determine the meaning to be attached to this *132 answer of hers. By their finding the accused guilty they must have construed it to mean the things stolen, or some of them, were her individual property.
There is here quite sufficient of testimony, as matter of law, to sustain the conviction.
Besides which, this Court has repeatedly held that in criminal prosecutions for larceny it suffices to lay the title of the property stolen in the ostensible or apparent owner, and that the felonious taking, more than the perfect title of the alleged owner, forms the essence of the issue presented to the jury. State v. Lewis, 49 La. Ann. 1208, 22 South. 327; State v. Everage, 33 La. Ann. 120; State v. Kane, 33 La. Ann. 1269; State v. Hobgood, 46 La. Ann. 855, 15 South. 406.
In State v. Harris, 42 La. Ann. 981, 8 South. 530, the court said:—
“The ownership in a particular person of the property stolen is not of the essence of the crime of larceny, though it is of its essence that it should be alleged and proven to have been the property of another than the accused.”
And in State v. Hanks, 39 La. Ann. 234, 1 South. 458, it was held that:—
“The ownership of a particular person is not an essential ingredient of the crime of larceny, which is simply the felonious taking and carrying away of the personal goods of another; and even if the owner be unknown, the offense may be properly charged and sustained. The essential facts constituting the •crime of larceny of a particular, specified horse are not in any manner, affected by the question whether the horse was the property of Sevigne Duhon or of Cecile Duhon. It Is sufficient if the horse was the property of another. The identity of the horse charged to have been stolen is the important thing in determining whether the offense proved is the offense charged.”
See, also, Bishop’s New Criminal Procedure (Ed. 1896) vol. 2, § 721; also, section 726, No. 2; Commonwealth v. McLaughlin, 103 Mass. 435.
So we hold there is sufficient in the record relating to the ownership and possession of the jewelry to sustain this conviction, without taking into consideration the Judge’s action in ordering the stenographic report of Blrs. DeGaham’s testimony corrected so as to show more fully what the Judge affirmed and the District Attorney testified to, viz.:— that she had stated the property was hers individually — something omitted inadvertently by the stenographer.
The second bill of exceptions relates to the Judge’s refusal to grant a new trial on the ground of newly discovered evidence. Three witnesses were produced and sworn and gave the testimony which is that referred to as newly discovered evidence.
The Judge states the motion was refused because the evidence offered as newly discovered evidence was not newly discovered; that the facts intended to be proved were known to the accused long before the trial; that it was shown he was intimate with the witnesses who are relied on to give the newly discovered evidence; and that he well knew before his trial they were cognizant of the facts which he now sets up as newly discovered evidence.
There is an abundance of material in the record to satisfy us that this appreciation of the situation by the Judge was correct.
It is ordered that the verdict, sentence and judgment appealed from be affirmed.