PROVOSTY, J.
The three accused were tried upon an information which after the usual caption, charges burglary, and then continues :
“And the district attorney further gives this honorable court to understand and be informed:
“That the said Forest Guidry, Forest Babi-neaux, and Dulva Babineaux, having broken and entered the Farmers’ Warehouse unlawfully, willfully, feloniously, and burglariously, as aforesaid, did unlawfully and willfully and fol- *291 oniously take, steal, and carry away 25 sacks of rice and 8 sacks of oats, all of the value of $288, and the property of the said Farmers’ Warehouse, with the intent feloniously to deprive the owners permanently thereof.”
The accused were convicted on this second count. This count does not contain, it will be observed, 'the usual “then and there” for alleging time and place by reference to the time and place stated in the first count. The accused made this the ground of a motion in arrest of judgment.
Section 1062, R. S., provides:
“It shall not be necessary to state any venue in the body of any indictment, but the state, parish, or other jurisdiction named in the margin thereof, shall be taken to be the venue for all the facts stated in the body of such indictment.”
[1] The omission of an allegation of time, when time is not of the essence of the offense charged, is a mere formal defect, which can be taken advantage of only before verdict. R. S. § 1047; State v. Hauser, 112 La. 314, 36 South. 396; State v. Beeder, 44 La. Ann. 1007, 11 South. 816; State v. Stewart, 117 La. 476, 41 South. 798.
[2] The rice alleged to have been stolen did not belong to the Farmers’ Warehouse, but was merely on storage there. The evidence having revealed who the true owners were, accused objected to evidence in support of the allegation that it belonged to the Farmers’ Warehouse. Proof of ownership in the particular person alleged in the indictment to be the owner is not important in larceny. It suffices to show that the g'oods were owned by some one other than the thief, and that the thief feloniously took and carried them away. State v. Kane, 33 La. Ann. 1269. The ownership may be laid in the mere possessor. 25 Oyc. 89; Harr’s Crim. Juris. 197; 17 R. C. L. 60.
The confessions of two of the accused were objected to as having been induced by promises, and that of the other accused as having been made while sick with the “Flu,” and out of his head. The accused testify to the promises having been made, but the persons to whom the confessions were made testify positively and unqualifiedly to the contrary. While the accused, who was sick, testifies to his having been out of his head when he made the confession, and the person to whom he made it says that the accused was very sick — said he had pneumonia — the fact remains that he was not so far out of his head as not to have been able to make the confession ; and there is no pretense that he was induced to make it by any promise or prompting from anybody.
Judgment affirmed.