(138 So. 867)

**STATE v. McGUIRE.**

No. 31502.

Nov. 30, 1931.

Rehearing Denied Jan. 4, 1932.

George Wray Gill and Warren M. Simon, both of New Orleans (Gill & Simon, of New Orleans, of counsel), for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Eugene Stanley, Dist. Atty., and Chandler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

OVERTON, J.

Defendant was informed against in that, on June 20, 1931, in the parish of Orleans, and within the jurisdiction of the criminal district court for that parish, he did then and there feloniously and unlawfully steal, take, and carry away fourteen automobile tires, each of the approximate value of $7.35, all of a total value of $102.91, the said automobile tires then and there being in course of transportation over the Louisville and Nashville Railroad Company, a corporation organized under the laws of the state of Kentucky, and domiciled in the city of Louisville, in that state, with branch offices in the city of New Orleans, state of Louisiana, the said railroad being then and there engaged in the business of a common carrier, the said fourteen automobile tires being then and there in the custody of the said Louisville and Nashville Railroad Company and in transit on the said railroad from the Goodyear Tire & Rubber Company of Gadsden, Ala., consignor, to the Sears, Roebuck Company of Lake Charles, La., consignee.

The bill of information was filed under Act No. 211 of 1920, the pertinent part of which reads:

"Any person who shall steal or who shall break or open any box, case, bag, or other receptacle with intent to steal any goods, wares, merchandise, or other articles or objects of any description while in course of transportation from consignor to consignee shall be deemed guilty of an offense and on conviction fined not less than Fifty nor more than One Thousand Dollars, and imprisoned with or without hard labor for not less than six months nor more than six years. * * *"

A motion to quash the bill of information was filed by defendant, and a bill was reserved to the overruling of the motion. The

motion rests upon the grounds of the vagueness of the bill of information; the failure of the bill to set out directly or indirectly the ownership of the goods alleged to have been stolen; the failure of the bill to set out a description of the goods stolen; the failure of the bill to set out that the goods were contained in or were taken from any box, case, bag, or other receptacle, as required by law, or that any such receptacle was broken or opened; the failure of the bill to set out the jurisdiction of the court; and, generally, that the bill is insufficient to charge either larceny or a violation of Act No. 211 of 1920.

█ A comparison of the substance of the bill of information with Act No. 211 of 1920 shows that every element essential to charge a violation of that act is set out in the bill fully and with clearness. Therefore, the ground of vagueness lacks foundation.

█ As to the alleged failure of the bill to set out the ownership of the property stolen, the offense charged, is a statutory offense, and the statute, denouncing it, does not require that the ownership of the property be alleged. It sufficed to charge the offense in the language of the statute or in words unmistakably equivalent thereto. Marr's Crim. Jur. (2d. Ed.) § 325, page 483. Even in ordinary cases of larceny, it is rather as part of the description and to identify the stolen property that an indictment is required to name the owner of the property. State v. Acebal, 110 La. 129, 34 So. 303; Marr's Crim. Jur. (2d Ed.) § 168, p. 273. Moreover, the ownership of property stolen may be laid in the mere possessor. State v. Babineaux, 146 La. 290, 83 So. 558. Here the information, in effect, so lays it, for it alleges that the property was stolen while in the custody of the Louisville and Nashville Railroad, and in transit from the Goodyear Tire & Rubber Company to the Sears, Roebuck Company. It

amply appears from the bill that the property stolen was not the property of defendant, but of another. The statute requires nothing more in this respect.

█ As to the failure to describe the property, sufficiently to identify it, we think that the bill is not amenable to such an objection. It describes the property as fourteen automobile tires, each of the approximate value of $7.35, and as being in transit over the Louisville and Nashville Railroad from a named consignor to a named consignee.

██ As to the failure to allege that the property was contained in a box or other receptacle, which was broken by defendant, such an allegation would have been inappropriate to that part of the statute under which the state was prosecuting. The statute under which the state was proceeding, namely, Act No. 211 of 1920, creates two offenses—one of stealing property while in transportation from consignor to consignee, and the other of breaking or opening any box or other receptacle with the intention of stealing property during such course of transportation. It was under the provision, denouncing the first offense, that the prosecution was had. This provision contains no such ingredient as the breaking open of a receptacle.

█ As to the failure to set out the jurisdiction of the court, this position is without foundation, since the bill in clear language expressly sets it forth.

As to the general allegation that the bill is insufficient under Act No. 211 of 1920, what we have said discloses that, in our view, there is no reason to consider it insufficient.

The next five bills relate to the admission of a confession made by defendant. The substance of all five is that the confession was not a voluntary one, but was made under duress and as a result of gross abuse, and while

defendant was cold and sleepy. Defendant alone testified that he was subjected to duress and gross abuse. Four or five witnesses testified that there was no duress used or abuse indulged in, but that the confession, which was made immediately after the arrest, was made freely and voluntarily. The evidence satisfies us that the confession was freely made. In fact, there was little left for defendant to do but to confess, for he was caught assembling the tires, preparatory to removing them from the ground, where they had been thrown from the train.

Another bill of exception was taken to the overruling of a motion for a new trial, but it presents nothing reviewable in this court that has not already been considered.

The last bill was reserved to the overruling of a motion in arrest of judgment. The motion in arrest is directed, in large part, to matters not appearing on the face of the record, such as whether the state proved the jurisdiction of the court, and hence are not reached by that motion. The only matter set up in the motion which may be said to be reached by it is the alleged failure of the bill of information to set forth the jurisdiction of the court, and this matter has been considered in passing on the motion to quash.

The verdict and the sentence, appealed from, are affirmed.