39 So.2d 439

STATE v. MILLS et al.

No. 39036.

Feb. 14, 1949.

W. T. McCain and J. W. Ethridge, both of Colfax, for defendants-appellants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Harry Fuller, Associate Counsel, of Winnfield, and Sam L. Wells, Dist. Atty., of Colfax, for appellee.

HAMITER, Justice.

Jack Mills and George Cooper, the defendants herein, were tried jointly under an indictment charging that they committed a theft of 20 steel rails of the value of $112. The jury returned a verdict of guilty as charged, and the court sentenced each to a term of 12 months at hard labor in the state penitentiary. Both appealed, and they rely on five bills of exceptions for a reversal of the conviction and sentence.

■ Under their first bill appellants complain of the court's permitting a state witness, James Edwards, to testify as to the license number of the truck owned by defendant Jack Mills. While this witness was on horseback in the community where the alleged theft occurred, it appears from the record, he observed a truck containing steel rails (cut into pieces approximately 10 feet long) and also a blow torch. Becoming suspicious of the actions of its occupants, he, by using the point of a knife, scratched the truck's license number on his saddle. Later he transferred it to a piece of paper. When the witness sought to testify as to the license number, employing the piece of paper to refresh his memory, defense counsel objected, urging that the saddle was the best evidence. The court overruled the objection and admitted the testimony. Before the trial was completed, however, the saddle was presented to the members of the jury and they read the number scratched thereon. Hence, there is no merit to this bill. See Code of Criminal Procedure, Article 375. .

Bills of exceptions numbers 2 and 3 were reserved to rulings admitting the testimony of Wynn Tison, a state witness, relative to the value of the property in question. The witness testified that on two or more occasions he inquired of different dealers in the Alexandria-Colfax area about the market price of scrap iron, and that, from his investigations, he ascertained that the prices varied, depending on the kind and quality, from $16 to $26 per ton. To this testimony defense counsel objected on the ground that the witness had not qualified as an expert and that it was mere hearsay. In his per curiam, with reference to these bills, the trial judge states:

"Wynn Tison was the Deputy Sheriff of Grant Parish, who made the investigation of the offense with which defendants are charged and convicted and a part of his investigation was to ascertain the value of the property in order to make a proper charge and he was permitted to give the result of his investigation as to the value of the property. He did not give any hearsay statements but gave the price of scrap iron as being from $16.00 to $26.00 per ton depending on the grade and quality not only with reference to the charge against de-

fendants but also as a result of his investigation in other similar cases. He found the prices varied depending on the kind of scrap iron and so testified.

"Defendant, George Cooper, who was buying and selling scrap iron at the time this offense was committed testified as to the value and he stated the minimum price was $18.00 and the maximum was $22.00 per ton depending on the kind of scrap iron.

"These facts should be heard by the jury to enable them to determine whether the value fixed in the indictment was in line with the market value at the time of the commission of the offense and Tison's evidence on this fact, in our opinion was not hearsay and did not prejudice the legal rights of defendant in any manner."

 In view of the admission of the defendant Cooper regarding the property's value, pointed out by the trial judge and of which we must take notice, it is unnecessary for us to determine the questions posed by the objections forming the basis of the instant bills. Assuming arguendo that the testimony of the witness Tison was hearsay, as defense counsel urge, the defendants were not prejudiced thereby. Certainly the defendant Cooper was bound by his own admission which stated the value to be substantially as that given by Tison. Also the admission was effective as against the jointly tried defendant Jack Mills since no objection on his behalf was offered to it (the record discloses none). To entitle a

defendant to a reversal of the conviction it must appear that the complained of ruling was prejudicial to his substantial rights. State v. Thornhill, 188 La. 762, 178 So. 343, State v. Taylor, 192 La. 653, 188 So. 731; Article 557, Louisiana Code of Criminal Procedure.

 Bill of exceptions number 4 was taken to the court's overruling of a motion for a new trial. In the motion, as we appreciate it, defendants contended that the state failed to prove that the property allegedly stolen belonged to others. As to this contention, which presents primarily a question of fact for the jury's consideration, the trial judge states:

"Defendants denied taking the property. The evidence offered by the state showed that the property did not belong to defendants and they made no claim whatever to it.

"The evidence showed the steel was used to construct a bridge across the bayou to be used for the convenience of the citizens of that community and no evidence of title was in defendants."

In view of this statement (there is nothing to the contrary in the record) we are unable to conclude that error was committed in the overruling of the motion for a new trial.

 In defendants' motion in arrest of judgment, to the overruling of which bill of exceptions number 5 was reserved, it is pointed out that the steel rails allegedly

taken were part of a bridge across a stream; and the contention is made that they, having been affixed to the realty and being immovable by destination, could not be the subject of theft. "Theft is the misappropriation or taking of *anything of value* which belongs to another * * *." Article 67, Louisiana Criminal Code. The term "anything of value," as said in Article 2 of such Code, "must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or *immovable,* corporeal or incorporeal, *public* or private." The contention and bill, therefore, are without merit. (Italics ours.)

For the reasons assigned the conviction and sentence are affirmed.

O'NIELL, C. J., does not take part.