93 So.2d 533

STATE of Louisiana

v.

Earl BLANKENSHIP.

No. 43084.

Feb. 25, 1957.

Voelker & Ragland by William B. Ragland, Jr., Lake Providence, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., St. Joseph, Cliff C. Adams, Asst. Dist. Atty., Tallulah, for appellee.

HAMITER, Justice.

The defendant, Earl Blankenship, was convicted by a jury of the theft of prop-erty of $40 value and was sentenced to serve two years in the state penitentiary. From the conviction and sentence he has appealed, relying on four bills of exceptions to obtain a reversal.

On October 6, 1955, the date fixed for the trial, the district attorney filed a written motion for a continuance in which he showed: "That one of the witnesses, James Wilson, has absented himself from the State of Louisiana, and his present whereabouts is unknown; that the said witness' presence on the trial of this cause is material; that efforts have been made to ascertain the present whereabouts of said witness, but said efforts, as of now, have been without avail."

The court granted the continuance over the objection of defense counsel, and to the ruling bill of exceptions No. 1 was reserved. Under it the argument is made that the trial judge unreasonably abused his recognized broad discretion, he having granted the continuance and thereby deprived the accused of a speedy trial when it appeared that there was a lack of due diligence on the part of the state in failing to summon the desired witness. We do not agree. The issuing of a subpoena for the material witness Wilson would have been a vain and useless gesture, for his address at that time was unknown to the district attorney. Furthermore, the accused was in no manner prejudiced by the ruling. He was not incarcerated pending the trial;

rather, he was out of jail on a reasonable bond.

■ Initially, the accused had been charged in an information reading: "That Earl Blankenship * * * on the —————— day of the month of Feb., in the year of our Lord One Thousand Nine Hundred and 55 * * * committed theft of barb wire, the property of Ed. Holley, of a value of $50.00 * * *." When the case came on for trial under the new fixing, and previous to the calling of the jury, the state proposed to amend the information to show (as is disclosed by the court minutes) "that (the) theft took place on or about Jan. 29, 1955 and Feb. 6, 1955 and also to show ownership of wire to be (in) J. R. Dillard", instead of in Ed. Holley. To the proposal defense counsel objected. The objection was overruled, the amendment permitted, and bill of exceptions No. 2 taken. From the perfected bill it appears that the objection was grounded on the contention that the accused would be prejudiced by the amendment inasmuch as he was prepared to defend only as to the date and ownership alleged in the original information.

As stated in LRS 15:253, "* * * The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made * * * the accused shall on his motion be entitled to * * * a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced * * *." That this accused was prejudiced in making his defense by the permitted amendment we entertain considerable doubt. The original information did not set out any particular date, and he was ready to go to trial without having been informed as to exactly when the offense allegedly occurred (he requested no bill of particulars). Moreover, in cases of theft proof of ownership of the property stolen in the particular person alleged is unimportant, the state being required to show only that it belonged to someone other than the accused. State v. Babineaux, 146 La. 290, 83 So. 558 and State v. Mills, 214 La. 979, 39 So.2d 439. In fact, this defendant, to quote from the brief of his counsel, "* * * admits that the State is not compelled to identify the person whose property is the subject of a theft * * *."

■ But assuming that the changes were so material that the defendant was not then prepared to defend against them, he could have protected himself by requesting a continuance. For his failure to make the request he explains that "a motion for a continuance would surely have been denied since the trial had been delayed for nearly a year." This, we think, is an unwarranted assumption and undoubtedly an afterthought.

With further reference to bill No. 2 the accused argues in this court that the information, as amended, was defective for duplicity. And certain allegations made in the concluding paragraph of his motion for a new trial (filed in the district court) tend to the same conclusion. However, such objection to the information comes too late. LRS 15:221 provides that the objection of duplicity "can not be urged after the jury has been sworn, *and must be set up either by demurrer or by a motion to quash the indictment"*, a requirement with which this accused did not comply. See also State v. Turner, 178 La. 927, 152 So. 567 and State v. Guillot, 200 La. 935, 9 So.2d 235. Obviously, the purpose of that statutory provision is to give the district attorney, before trial, the opportunity for amending a duplicitous indictment, either by dropping one of the offenses charged and proceeding to trial on the other or by providing separate counts when the charges can be properly made in that manner. As to the latter alternative LRS 15:225 states: "It shall be lawful to insert several counts in the same indictment against the same defendant for any number of distinct acts of theft, and the aggregate amount of these thefts shall determine the grade of the offense charged; * * *." And LRS 15:221 (above quoted) clearly indicates that the failure of the defendant to object to a duplicitous indictment by means of a demurrer or a motion to quash before the jury has been sworn constitutes a waiver of the objection. (Italics ours.)

The third bill of exceptions was reserved to the judge's overruling of a motion for a mistrial, defense counsel having objected to certain remarks of the district attorney made during the course of the opening statement. In describing the alleged offense the district attorney told the jury: "The defendant, Earl Blankenship, James Diamond and C. B. McNease drove north on Highway 45 until they came to the property of H. L. Kennedy. The three parties got out of the truck and walked to a shop where a roll of mesh wire was located. The defendant, Earl Blankenship, C. B. McNease and James Diamond picked up the roll of mesh wire and loaded it in the rear of the defendant's pick-up truck. They then proceeded north to the property of James R. Dillard." The objection to these remarks was that the act thus related constituted a separate crime for which the defendant was not charged; that testimony in proof of it would not be admissible on the trial; and that, therefore, the district attorney's reference to the occurrence was prejudicial.

The Per Curiam of the district judge informs us that the mentioned act was closely connected with the theft of wire with which the accused was charged, it having been committed during the same night and on the same trip. This being true such act, even if constituting a sep-

arate crime, could be established during the trial (and hence was properly referred to in the opening statement) as showing intent. LRS 15:445 and 446; State v. Haddad, 221 La. 337, 59 So.2d 411; and State v. Palmer, 227 La. 691, 80 So.2d 374.

 Bill No. 3 involves also an objection to the district attorney's reference to the defendant, made during the opening statement, as "an overbearing person and possessing a dictatorial nature". The judge, in his Per Curiam to the bill, states that such official had only casually mentioned that the defendant was of a dictatorial nature and that he did not consider the remark to be prejudicial, "especially since the testimony of his co-conspirators was to be used against him." He also points out that the objection, as well as the one previously discussed, was not urged until after the district attorney had completed his statement. Since the remark was not objected to when it was made, and the judge was not requested at any time to instruct the jury to disregard it, we do not believe that there was error in the court's refusal to order a mistrial.

The last bill was taken to the overruling of the motion for a new trial. This motion is based on the alleged errors contained in the aforediscussed bills and on the assertion that the verdict was contrary to the law and the evidence. The bill, obviously, presents nothing for our consideration.

For the reasons assigned the conviction and sentence are affirmed.