140 So.2d 375

STATE of Louisiana

v.

Frank LEIEBER.

No. 45909.

April 30, 1962.

Daniel W. LeBlanc, Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher,

Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The defendant was convicted of theft and sentenced to two years at hard labor in the Louisiana State Penitentiary. He appeals from the conviction and sentence, relying upon three bills of exception reserved during the course of the trial.

By Bill of Information the defendant was charged with "a theft of a Philco Television set of the value of One Hundred Sixty five and no/100 ($165.00) Dollars, the property of Holiday Inn * * *." At the trial testimony was elicited from a prosecution witness that the television set was owned by Telesound Corporation and leased to Holiday Inn. At this point the state moved to amend the Bill of Information to conform to the evidence by deleting the words "Holiday Inn" and inserting "Telesound Corporation." Counsel for the defendant objected. The court overruled the objection and allowed the amendment. Counsel for defendant reserved Bill of Exception No. 1.

■ LSA-R.S. 15:364 specifically authorizes an amendment as to the ownership of the property when there is a variance between the charge and the proof. When such an amendment is made, the defendant, on motion, is entitled to a continuance unless it appears that he was not misled or prejudiced by the amendment. LSA-R.S. 15:253.

■ The trial court correctly allowed the amendment. The defendant contends, however, that he should have been granted a continuance. The record discloses that the defendant made no motion for a continuance at the time of the amendment. The request for a continuance was made for the first time in a motion for a new trial. The request was not timely. Moreover, in cases of theft proof of ownership of the stolen property in the specific person alleged is not essential. The state is required to prove only that it belonged to someone other than the accused.[1] Under these circumstances the trial court committed no error in failing to grant a continuance. State v. Blankenship, 231 La. 993, 93 So.2d 533.

Bill of Exception No. 1 is without merit.

Bill of Exception No. 2 was reserved to the ruling of the trial judge refusing to allow counsel for defendant to interrupt the Assistant District Attorney during his closing argument for the purpose of objecting to his statements concerning the evidence and requiring that the objections be reserved until the end of the argument.

1. State v. Blankenship, 231 La. 993, 93 So.2d 533; State v. Mills, 214 La. 979, 39 So.2d 439; State v. Babineaux, 146 La. 290, 83 So. 558.

The defendant contends that the law not only allows, but requires, that such objections be made at the time of the remarks with the reservation of a bill of exception in the event of an unfavorable ruling.

The record shows that the Assistant District Attorney made the following statement in his closing argument: "I say to you that the evidence is clear and convincing that this accused is the man who went in there and checked in and he was found in possession of the set. He was found in possession of property that was stolen—" At this point defense counsel objected, stating: "It was not testified by any witness on this stand and at this point I ask that the Jury be retired." The trial judge declined to rule on the objection, instructed counsel not to interrupt the argument, and reserved his right to urge objections after it had been completed. He then stated to the jury: "I will instruct the Jury that you are the judges of the evidence and if an attorney gets outside of the evidence it is your duty to know it."

At the end of the closing argument, the defendant renewed the objection. At this time the judge overruled it, and the defendant reserved a bill of exception.

▮▮▮ It was error for the trial judge to decline to rule on the objection and to defer it until the close of the argument.[2] Immediate objection affords the district attorney an opportunity to withdraw or explain his argument if he so desires. It also permits the judge in connection with his ruling to admonish the district attorney, instruct the jury or take other prompt action designed to prevent prejudice. However, no prejudice resulted under the circumstances of this case. At the time the objection was first interposed, the judge instructed the jury that they were "the judges of the evidence and if an attorney gets outside the evidence it is your duty to know it." The right of defense counsel to renew the objection was reserved. The judge subsequently overruled the objection on the ground that the evidence was exactly as recited by the Assistant District Attorney. We are bound by this finding since the evidence is not attached to the bill of exception.[3] We find no reversible error. See LSA–R.S. 15:557.

Bill of Exception No. 3 was taken to the overruling of a motion for a new trial. This motion reiterates the objections on which

---

2. See LSA–R.S. 15:502, 15:510; State v. Blankenship, 231 La. 993, 93 So.2d 533; State v. Dwyer, 133 La. 731, 63 So. 305; 5 Wharton's Criminal Law and Procedure (Anderson) § 2079, p. 238; 23A C.J.S. Criminal Law § 1113, pp. 226–227; 3 Am.Jur., Appeal and Error, § 377, p. 108; IX Louisiana Law Review 265–266.

3. State v. Robertson, 133 La. 806, 63 So. 363; State v. Conners, 142 La. 206, 76 So. 611; State v. Haddad, 221 La. 337, 59 So.2d 411; LSA–R.S. 15:557; 24A C.J.S. Criminal Law § 1753, p. 187.

we have previously ruled. It presents nothing further for review.

For the reasons assigned, the conviction and sentence are affirmed.

140 So.2d 377