278 So.2d 33 (1973)
STATE of Louisiana, Appellant,
v.
Lawrence HUNGERFORD, Appellee.
No. 52538.
Supreme Court of Louisiana.
May 7, 1973.
Michael Silvers, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant Hungerford is charged with five violations of the obscenity statute. La.R.S. 14:106. After a trial before a judge, he was found guilty of all five counts and sentenced to pay a fine of three hundred dollars or serve sixty days in the Parish Prison as to each count, for a total of fifteen hundred dollars or three hundred days.
In our examination of the pleadings and proceedings below, we have found that the trial court imposed an illegal sentence. This requires us to remand the case for sentencing in accordance with the law. La.C. Cr.P. Art. 882.
The bill of information in this case contained five counts, each charging the defendant with obscenity. They involved the simultaneous exhibition (for sale) of five *34 allegedly obscene pictures or magazines on August 5, 1971.
Prior to trial, defense counsel filed a motion for trial by jury on the basis that, since the defendant was subject to conviction for five offenses of obscenity, he would be subject to a maximum penalty exceeding six months and/or five hundred dollars. Thus, he argues, he was not charged with a "petty offense" as delineated in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), and he was entitled to a trial by jury. See also, La.C.Cr.P. Art. 779. The trial court denied this motion for trial by jury.
In denying the motion for jury trial, the trial court apparently concluded that five separate offenses of obscenity were charged, no one of which could be punished by sentence in excess of five hundred dollars or six months. La.R.S. 14:106. However, La.C.Cr.P. Art. 493 provides: "No indictment shall charge more than one offense, except as otherwise provided in this Title,[1] but the same offense may be charged in different ways in several counts." Hence, the information (indictment) here simply charged one offense of obscenity, with this same offense being charged in five different ways.
The act of the defendant in simultaneously possessing five periodicals or books allegedly obscene did not amount to five offenses, nor to perhaps as many offenses as there were pages in each of the magazines or books. The simultaneous possession of the five items amounted to a single violation of La.R.S. 14:106, but charged in five counts.
The charge against the defendant is that on August 5, 1971, he "did wilfully and unlawfully exhibit and display obscene .. magazines and pictures ... with intent to primarily appeal to the prurient interest of the average person". The intent is to prosecute the exhibition of material alleged to be pornographic, La.R.S. 14:106, subd. A(2), or possession of it with intent to exhibit it, La.R.S. 14:106, subd. A(3). In either event, the exhibition and possession of the five items constituted a single act and a single offense. Cf., State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972).
Under similar circumstances, we have reached the same result in State v. Johnson and New Orleans Book Mart, Inc., La., 278 So.2d 84 (decided March 8, 1973) and State v. Todd, La., 278 So.2d 36.
By imposing a total fine of fifteen hundred dollars and imprisonment, which, in default of payment totalled three hundred days, the trial court imposed an illegal sentence, inasmuch as the maximum fine for one offense of obscenity is five hundred dollars and six months. La.R.S. 14:106, subd. D.
For the reasons assigned, the case is remanded to the district court for resentencing in accordance with law.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, J., dissents for the reasons assigned.
MARCUS, J., recused.
SUMMERS, Justice (dissenting).
Hungerford is charged by five counts of a bill of information with five crimes of obscenity as defined by Article 106 of our Criminal Code. Obviously preferring to be tried on all five offenses at one time on the chance of five acquittals, the accused elected to go to trial. He was found guilty of all five offenses, sentenced to pay a fine of three hundred dollars or serve sixty days in the parish prison as to each count, a total of fifteen hundred dollars.
*35 The definition of obscenity relevant to this charge provides:
Obscenity is the intentional ... exhibition, ... or advertisement with the intent to primarily appeal to the prurient interest of the average person, of any lewd, lascivious, filthy or sexually indecent written composition, printed composition, book, magazine, pamphlet, ... writing ... picture, drawing ... or any written, printed or recorded matter of sexually indecent character ... (La.R.S. 14:106, subd. A[2]).
The pertinent maximum penalty for obscenity is a fine of $500 or imprisonment for not more than six months, or both.
The bill of information charges in each of the five offenses the willful and unlawful exhibition and display of obscene, lewd, lascivious, filthy and sexually indecent magazines and pictures at 131 S. Rampart Street, New Orleans, Louisiana, on August 5, 1971.
Although the date and place are the same, significantly each offense refers to an entirely different magazine. They were: "Other Love Vol. 2", "History of Sex in America Vol. 1", "Adult Sex Hangups Vol. 2", "Adult Sex Hangups Vol. 3" and "The Sexual Fantasies Vol. 2".
Contrary to the conclusion reached by the majority, there is no reference to the point in time on August 5, 1971 when these exhibitions took place. It is an assumption not warranted by the indictment on its face, therefore, to conclude that the displays were "simultaneous."
In my view display of each of the books or magazines was itself, alone, an offense. Quite possibly one book would be obscene and another not. Actually each was of considerable length and principally devoted to a different approach to promoting the grossest sort of sexual perversion, in fact mostly bestiality. Under no standard can these publications elude the definition of obscene. Considering that the guilt or innocence determination was to be made on the basis of separate publications, the offenses are separate on that basis.
In addition, although it does not appear from the bill of information when, on August 5, 1971, these publications were displayed, it is entirely possible that an appreciable difference in time could have elapsed between the display of one publication and the display of anotherone early in the morning, another late at night.
And to carry the matter even further, although the indictment refers to the exhibition having been made at one municipal address, conceivably exhibition within those premises might be at entirely different localities, under different conditions and in a different manner, making one prohibitive in the law and the other permissible.
I do not say that the facts I have assumed existed, except, of course, the title and description of the books, which I have perused. The point I make is that an unjustifiable assumption of fact is involved in the conclusion that these five counts involved one offense. The sparse allegations of the bill of information do not support the assumptions.
To say that only one offense occurred here because exhibition of these publications was simultaneous, is the same as saying that because A unlawfully killed B and C at the same time, only one offense occurred.
Thus two separate counts may charge that the defendant forged separate instruments on the same date and as a part of the same transaction. United States v. Carpenter, 151 F. 214 (9th Cir. 1907). And five separate offenses are committed where five women are transported at the same time on one vehicle to engage in prostitution. Crespo v. United States, 151 F.2d 44 (1st Cir. 1945), cert. denied, 327 U.S. 758, 66 S.Ct. 520, 90 L.Ed. 991. Three sales of beer to an Indian made at separate times and as distinct transactions, though made on the same evening were "separate offenses." Wayne v. United States, 8th Cir., 138 F.2d *36 1. See also Orfield, Criminal Procedure Under the Federal Rules § 8:16.
Facts alleged in the several counts may constitute different crimes related to and forming part of the same transaction. In Tinkoff v. United States, 86 F.2d 868 (7th Cir. 1937), a prosecution for assisting taxpayers in preparation of false income tax returns and attempting to defeat and evade tax, refusal to require election between counts upon which the government would prosecute was held proper where subject matter of counts was closely related and election would have served only for purpose of requiring two prolonged trials instead of one.
"The test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be." Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).
I submit that under this test conviction for exhibiting the obscene "Other Love Vol. 2" under one count could not serve to convict for exhibiting the obscene "The Sexual Fantasies Vol. 2" under another count. See Dangel, Criminal Law § 17 (1951).
Assuming arguendo the majority position that only one offense was involved, the objection to the indictment charging five separate offenses when only one offense is said to be involved amounts to an objection of duplicity. For the indictment did in fact charge five separate offenses whether correctly or not. The objection that this was error for only one offense was involved is an objection to the indictment's duplicity. This objection is properly reached by a motion to quash the indictment. "The objections of duplicity, misjoinder of defendants, or misjoinder of offenses may be urged only by a motion to quash the indictment." La.Code Crim.Proc. art. 495. And it is a basic feature of the motion to quash that it be filed "before commencement of the trial." La.Code Crim.Proc. art. 535. In this case the motion to quash was not filed. Under the cited articles and the jurisprudence failure to file the motion to quash is a waiver of the objection of duplicity.
The jurisprudence of this court supports this conclusion. State v Christiana, 249 La. 247, 186 So.2d 580 (1966); State v. Richard, 245 La. 465, 158 So.2d 828 (1963); State v. Blankenship, 231 La. 993, 93 So.2d 533 (1957). Only the current opinions rendered by this Court, none of which is final, are cited to support its position. State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972), simply holds that fondling the same child near her sex organs by the same adult at the same time is one offense. The case has no application to the facts of the instant case.
I respectfully dissent.
NOTES
[1] The exceptions referred to are those provided by La.C.Cr.P. Arts. 481 and 482, see Official Revision Comment (b) to Article 493. These exceptions are not applicable here.