278 So.2d 36 (1973)
STATE of Louisiana
v.
Darrel Eugene TODD.
No. 52535.
Supreme Court of Louisiana.
May 7, 1973.
*37 Michael Silvers, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., LeRoy A. Hartley, Special Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Darrel Eugene Todd was charged in a bill of information with violation of the State Obscenity Statute. La.R.S. 14:106. After a trial before a judge he was found guilty and sentenced to pay a fine of $300.00 or serve sixty days in the Parish Prison as to each count of the three count bill of information.
We note ex proprio motu that the trial judge imposed an illegal sentence upon the defendant requiring a remand of the case for sentencing in accordance with the law. See La.C.Cr.P. Arts. 882, 912.
The bill of information in this case contained three counts each charging the defendant with obscenity. The defense counsel prior to trial filed a motion for a trial by jury alleging that since the defendant was subject to conviction for three offenses of obscenity, and that since the maximum penalty to which the defendant would be subject exceeded the six months and/or five hundred dollar "petty offense" category established in Baldwin v. New York,[1] he was entitled to a trial by a jury. The trial court denied this motion for trial by jury.
From this action on the part of the trial court, we infer that the defendant was charged with only one offense of obscenity committed in three different ways corresponding to the three counts of the bill of information. See La.C.Cr.P. Art. 493. This is a necessary inference on our part because were it otherwise, i. e. if defendant were to have been charged with three offenses, he would have been entitled to a jury trial because the maximum possible penalty for three offenses of obscenity is well in excess of that established for "petty offenses." See Baldwin v. New York, supra. The maximum penalty for one offense of obscenity would not have entitled the defendant to a jury trial, La.R.S. 14:106 (D).
Since we have found that the defendant was subject to conviction and sentence for only one offense of obscenity, the sentence imposed by the trial court of $900.00 or 180 days in the Parish Prison is an illegal sentence inasmuch as the maximum fine for one offense of obscenity is $500.00.
For the reasons assigned the case is remanded to the District Court for sentencing in accordance with the law.
*38 SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, J., dissents for the reasons assigned.
MARCUS, J., recused.
SUMMERS, Justice (dissenting).
Again this majority strikes a conviction of multiple offenses and relegates the punishment for three offenses to one offense. The crimes are the exhibition of lewd, lascivious, filthy and sexually indecent publications. Although the defense was never asserted by counsel for the accused, the Court has extended the record by unjustified assumptions and conclusions in order to fabricate a defense of gossamer cloth.
The majority opinion here is almost identical with the equally reprehensible opinion in State v. Hungerford. See La., 278 So.2d 33. I dissent here for the same reasons assigned in the Hungerford Case.
I might add that the cause of law and order is in for heavy sledding with decisions like these two unnecessarily clogging the courts and hampering prosecutions.
NOTES
[1] 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). See also La.C.Cr.P. Art. 779.