BARRY, Judge.
A jury found defendants guilty of two counts of obscenity, La.R.S. 14:106 [1] They *8 were sentenced to 90 days in parish prison on each count to run concurrently and placed on active probation for one year. The sentences were suspended conditioned on payment of a $1,000 fine on each count.
Detective Henley of the New Orleans Police Department testified he went to the Peacock Inn on June 23, 1982 and requested a room from defendant Price, a desk clerk, who asked if he wanted to view adult movies. Henley said there was a sign outside the motel advertising ADULT MOVIES and another behind the registration desk stating ADULT MOVIES THREE DOLLARS. Henley agreed to see the movies, filled out a registration card and paid $38.73 which included a $3.00 movie charge for which Price wrote a receipt (incorrectly dated June 24, 1982). Detectives Henley and Bruce viewed two movies — “Heavenly Desire” and “Plato, the Movie” — which they documented.
A search warrant was signed the next day and the officers returned to the motel. An elderly female behind the desk, identified by the manager as Buelah Mouir, night auditor, registered the men. She collected for the room and movies, wrote a receipt and gave a key to room 126 where the men viewed the same movies.
The detectives went back to the registration desk and met defendant Woolverton. Henley presented the search warrant and asked if the elderly lady who rented the room was there. Woolverton said that clerk was her grandmother who was helping out and then volunteered that she was the night manager who operated the movie recorder. The officers placed Woolverton under arrest and seized the registration cards, the movie tape and recorder, and other items. Price surrendered the next day.
Assignments of error 4, 5, 6, 7 and 13 are expressly abandoned. Assignment 8 relating to denial of a Motion to Supress Wool-verton’s confession was neither briefed nor argued and it is abandoned.[2] State v. Joseph, 425 So.2d 1261 (La.1983).
ASSIGNMENT 1
Defendants contest the constitutionality of La.R.S. 14:106, i.e., the vagueness of the “public portrayal” language in the statute and its application of that requirement. The same argument was rejected in State v. Peacock, 461 So.2d 1040 (La.1984), which involved the same motel and similar facts. In Peacock the trial court granted a motion to quash on the ground that public portrayal of the tape was not demonstrated. The Supreme Court reversed and said the purpose of La.R.S. 14:106(A)(3), consistent with a long history of such prohibition, was to proscribe the distribution of obscene material.
Defendants’ equal protection argument relates to La.R.S. 14:106(C) which provides that an employee of a theatre or bookstore acting in the course and scope of employment will be reimbursed attorney’s fees and costs by the employer if arrested, but does not mention hotel clerks. La.R.S. 14:106(C) involves a civil matter.
We defer to Peacock. This assignment has no merit.
ASSIGNMENTS 2 AND 3
Defendants’ argue that the bill of information confused acts prohibited under different sections of La.R.S. 14:106 and also improperly charged two counts for the two films on one cassette.
The first argument was addressed in State v. Peacock, supra. A similar information was found to be broad enough to cover offenses in La.R.S. 14:106(A)(2) or (A)(3). The same result applies here. This argument has no merit.
The warrant states that the seizure was to be of “video cassette tape(s).” The simultaneous exhibition of five allegedly obscene pictures or magazines was held to constitute one count of obscenity in State *9 v. Hungerford, 278 So.2d 33, 34 (La.1973). The Court found that “[t]he intent is to prosecute the exhibition of material alleged to be pornographic ...,” and the “exhibition and possession of the five items constituted a single act and a single offense.” Hungerford at p. 34. See State v. Todd, 278 So.2d 36 (La.1973).
Several movies on one tape are not a basis for several charges. Neither are multiple charges permissible if there were several tapes containing one or more movies. We agree with the rationale of Hun-gerford. Charging each defendant with two counts was improper. The conviction on one count as to each defendant should be reversed and the matter remanded for re-sentencing on one count as to each defendant.
ASSIGNMENT 9
The defense attempted to question Dr. Swan, an expert in sexual behavior, as to the reaction of his patients to whom he had suggested viewing sex films in a motel room. Defendants contend the trial court erred by sustaining an objection to hearsay.
Hearsay, prohibited by La.R.S. 15:434, is testimony of a statement being offered as an assertion to show the truth of the matters asserted and rests upon the credibility of the out-of-court asserter. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Martin, 356 So.2d 1370 (La.1978).
Such a question would have elicited hearsay and was improper.
ASSIGNMENT 10
Defendants argue the motel manager should have been allowed to testify that neither defendant had a criminal record.
La.R.S. 15:480 allows evidence of good character of the accused. That statute restricts good character evidence to showing “such moral qualities as have pertinence to the crime with which he is charged.” See State v. Toomer, 395 So.2d 1320 (La.1981).
The defense claims the absence of prior convictions would show good moral character pertinent to the crime charged.
The ruling does not constitute error since good character evidence “cannot destroy conclusive evidence of guilt ...” La.R.S. 15:480.
Good character evidence is unavailing against proof, as here, beyond a reasonable doubt. See State v. Thornhill, 188 La. 762, 178 So. 343 (1937).
ASSIGNMENT 11
Defendants contend the trial court erred by not allowing introduction of the records in # 290-817 and # 290-965, State v. Peacock and State v. Dearman. They explain the attempt was to verify the cases were dismissed and argue the state initiated questioning about the cases and the defense had the right to rebut.
The record shows defense counsel initiated the questioning by asking Detective Henley if he knew the names of the officers of the corporate owner of the motel. The officer answered he knew one whom he thought had been arrested. The state subsequently asked the name of the arrested corporate officer and the reply was Raymond Peacock. The questioning turned to an alleged agreement between the District Attorney and Peacock to the effect that charges would be dropped if the movies would be discontinued. On re-cross defense counsel asked if Detective Henley had heard that a judge dismissed the Peacock case and he said no. Mr. Cofhlin, the motel manager, later testified he was not aware of any outstanding charges against Peacock.
The trial court has wide discretion in determining relevancy and his ruling will not be disturbed absent a clear showing of abuse. State v. Miles, 402 So.2d 644 (La.1981). The two cases are not relevant and the trial court did not abuse its discretion.
ASSIGNMENT 12
Defendants argue the trial court erred by allowing Detective Henley to testify *10 about hearsay statements by the manager that the motel was losing $50,000 a month since it stopped showing adult movies.
The manager previously denied making such a statement after his attention had been called to the time, place, circumstances and person to whom the statement had allegedly been made. The officer’s testimony was admissible to impeach under La.R.S. 15:493.[3]
The detective’s statement was also offered to prove that it occurred and not to show the truth of the assertion and it is not hearsay. See State v. Ratcliff, supra.; State v. Naas, 409 So.2d 535 (La.1981), cert. denied 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982).
The testimony was clearly admissible.
ASSIGNMENT 14
The trial court refused to give five requested jury instructions. Defendants have abandoned # 1, 4 and 5.
The trial court must give a requested charge which does not require qualification, limitation or explanation and which is not included in the general charge or another special charge if it is wholly correct and pertinent. La.C.Cr.P. Art. 807; State v. Shilling, 440 So.2d 110 (La.1983).
Instructions 1, 2, 3 and 5 were included in the substance of the general charge.
Instruction 4 setting out the community standard to be statewide is not correct under our jurisprudence, see State v. Amato, 343 So.2d 698 (La.1977), quoting Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974).
ASSIGNMENT 15
Defendants argue the trial court erred when it commented on the meaning of “public portrayal for commercial gain” in response to jury confusion. Utilizing the law of principals, the court stated that defendants need not be recipients, directly or indirectly, of particular compensation.
The “commercial gain” element of La.R.S. 14:106(A)(2)(b) does not require proof that the exact money paid to the movies would go to the defendant employee. The evidence that the movies cost $3.00 is sufficient to meet the requirement.
Additionally, that requisite element may not have to be proven in light of State v. Peacock, supra. If these offenses are under R.S. 14:106(A)(3) as the obscenity charges in Peacock, the elements of “public portrayal” and “commercial gain” in R.S. 14:106(A)(2) are unnecessary elements.
ASSIGNMENT 16
Defendants argue the trial court erred by beginning the general charge with the statement: “As it applies to this case, the law of obscenity is.... ” and ending with the words “the contents of the material in question.”
There is nothing objectionable in this language.
ASSIGNMENT 17
Defendants again contend the court erred in its explanation of “public portrayal” after the jury asked for clarification. The judge attempted to define the concept: “The materials must have been available for public display, public portrayal, they must have been available to the public....”
Equating public portrayal with availability to the public may have caused confusion to jury members. However, after State v. Peacock, supra, requirement of “public portrayal” is unnecessary in a *11 case involving display and exhibition of obscene material under R.S. 14:106(A)(3).
The trial judge’s explanation did not prejudice defendants’ rights since proof of the element was not required.
SUFFICIENCY OF EVIDENCE AND ERRORS PATENT
Under State v. Raymo, 419 So.2d 858 (La.1982), the sufficiency of evidence to support a conviction must be reviewed even if not specifically alleged as error. Although not listed as an assignment, defendants argue sufficiency by brief.
Defendants claim the elements of intent and commercial gain were not proven.
Defendant' Price checked in Detective Henley, took his money, wrote out the receipt and evidently activated the movie recorder, which fulfills the requirements of the statute.
Defendant Woolverton confessed that she was the night manager and operated the recorder. That is also sufficient to prove intent and commercial gain.
Having viewed the movies, we are satisfied they are obscene under R.S. 14:106 and lack any redeeming value.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that both defendants were guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We note an error patent. The trial court sentenced each defendant to illegally lenient sentences of 90 days in prison on each count. In June, 1982, La.R.S. 14:106(G)(1) provided that a first conviction for obscenity be fined not less than $1,000 nor more than $2,500, or imprisoned with or without hard labor for not less than 6 months nor more than three years, or both.
The error is immaterial since the . case must be remanded for resentencing.
Defendants’ conviction on one count of obscenity is affirmed. It is ordered that their conviction on the other count of obscenity be reversed and the ease remanded for re-sentencing on one count of obscenity.

AFFIRMED IN PART: REVERSED IN PART: REMANDED.

. This refers to the statute in June, 1982 prior to subsequent amendments by Acts 1982, No. 680 § 1; Acts 1983, No. 384 § 1 and No. 385 § 1.

. In brief under Assignment 8 defendants also argue sufficiency of the evidence discussed later.

. La.R.S. 15:493 provides:
Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.