No. 73–4. GAY TIMES, INC. *v.* LOUISIANA. Sup. Ct. La. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836. MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari in this case and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was convicted on charges of exhibiting

allegedly obscene motion pictures in violation of La. Rev. Stat. Ann. § 14:106 (A)(2) (Supp. 1973), which provides as follows:

"A. Obscenity is the intentional:

. . . . .

"(2) Production, sale, exhibition, gift, or advertisement with the intent to primarily appeal to the prurient interest of the average person, of any lewd, lascivious, filthy or sexually indecent written composition, printed composition, book, magazine, pamphlet, newspaper, story paper, writing, phonograph record, picture, drawing, motion picture film, figure, image, wire or tape recording or any written, printed or recorded matter of sexually indecent character which may or may not require mechanical or other means to be transmitted into auditory, visual or sensory representations of such sexually indecent character."

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (dissenting opinion). It is clear that, tested by that constitutional standard, § 14:106 (A)(2) is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Supreme Court of Louisiana, and remand for further proceedings not inconsistent with my dissent in *Paris Adult Theatre I.* In that circumstance, I have no occasion to consider whether the questions

presented in the petition merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).