287 So.2d 478 (1973)
STATE of Louisiana
v.
Richard Lee McNUTT.
No. 52489.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
Michael Silvers, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant, McNutt, was charged in four counts of a bill of information with violating the obscenity statute, R.S. 14:106(2), and was found guilty, after a trial before a judge, of three of the four counts.[1] Defendant *479 was sentenced to pay a fine of $500.00 or to serve six months in the parish jail as to each of three counts, all sentences to run concurrently. Additionally, the court assessed court costs in the amount of $28.00, in default of payment of which the defendant is to serve an additional 30 days in the parish prison.
Defendant's Bill of Exceptions No. 3 was reserved to an adverse ruling on defendant's motion to quash the indictment. Among other grounds, the motion alleges that the statute under which defendant was charged is unconstitutional in violation of the First and Fourteenth Amendments of the Constitution of the United States and Article 1, Sections 2 and 3 of the Constitution of the State of Louisiana.
The defendant here is charged with sale of magazines in violation of Louisiana's obscenity statute, R.S. 14:106:
"Obscenity is the intentional:
* * * * * *
(2) Production, sale, exhibition, gift, or advertisement with the intent to primarily appeal to the prurient interest of the average person, of any lewd, lascivious, filthy or sexually indecent written composition, printed composition, book, magazine, pamphlet, newspaper * * *."[2]
At the time of the trial of this defendant it could be stated unequivocally that Louisiana's highest court had interpreted and applied the obscenity statute to prohibit the sale of all "lewd, lascivious, filthy and sexually indecent" expression within the ambit of the safeguards set forth in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). A perusal of the evolution of the obscenity statute makes it clear that our legislature intended to prohibit the display and distribution of all "lewd, lascivious, filthy or sexually indecent" matter or materials which could constitutionally be prohibited. When the trial court ruled upon the defendant's motion to quash on the grounds of unconstitutionality, it was correct under the last interpretation and application of that statute by the highest court of this state. However, while this matter was pending on appeal, the United States Supreme Court handed down five cases concerning obscenity statutes. We must decide the constitutionality of our statute under the latest pronouncement by the United States Supreme Court. The principal case which affects our decision is Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).[3]
We have this day, in the case of State of Louisiana v. Shreveport News Agency, Inc., No. 53,985, 287 So.2d 464 (La.1973), determined that the United States Supreme Court's pronouncement in the Miller case has made our statute unconstitutional.
For the reasons assigned in that case, and pursuant to the clear prouncement by the United States Supreme Court, we have declared R.S. 14:106(2) to be unconstitutional. The conviction and sentence of the defendant are set aside and the defendant is ordered discharged.
SANDERS, C.J., dissents for the reasons assigned by him in State v. Shreveport News Agency, Inc. La., No. 53,985, 287 So.2d 464.
SUMMERS, J., dissents and assigns reasons.
CULPEPPER, J., dissents for the reasons assigned by SANDERS, C.J.
*480 CALOGERO, J., subscribes to the foregoing opinion and assigns additionally his concurring reasons in State v. Shreveport News Agency, Inc., La., 287 So.2d 464, handed down this day.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned in State v. Shreveport News Agency, Inc., 287 So.2d 464 rendered December 3, 1973.
NOTES
[1] The trial court, upon motion of defense counsel, granted a directed verdict as to Count One of the bill of information because the State failed to offer into evidence the magazine "Cherry" named in that count.
[2] As amended by Act 199 of 1960.
[3] See also: Paris Adult Threatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200 Ft. Reels of Super 8mm. Film et al., 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).