294 So.2d 496 (1974)
STATE of Louisiana, Appellee,
v.
GAY TIMES, INC., Appellant.
No. 52366.
Supreme Court of Louisiana.
April 29, 1974.
Rehearing Denied June 7, 1974.
*497 Michael Silvers, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Harry F. Connick, Dist. Attys., Louise Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
We previously affirmed the conviction of the defendant. State v. Gay Times, Inc., 274 So.2d 162 (1973). In that opinion, we rejected the contention of the defendant that La.R.S. 14:106, subd. A(2) was unconstitutional. This statute defines obscenity as the intentional "production, sale, exhibition, gift, or advertisement [of publications, motion pictures, etc.] with the intent to primarily appeal to the prurient interest of the average person * * *".
The United States Supreme Court granted the defendant's petition for writ of certiorari, vacated the conviction, and remanded the case to this court for our further consideration in the light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed. 2d 419 (1973), and related decisions. Gay Times, Inc. v. Louisiana, 414 U.S. 994, 94 S.Ct. 346, 38 L.Ed.2d 232 (1973). This was identical to the earlier action of the United States Supreme Court in reversing this court's earlier upholding of the constitutionality of the cited obscenity statute in State v. Gulf States Theatres of La., Inc., La., 270 So.2d 547 (1972), judgment vacated and case remanded to this court, 413 U.S. 913, 93 S.Ct. 3063, 37 L.Ed.2d 1037 (1973).
On the remand in the latter decision, applying the mandate of the United States Supreme Court, we held the cited obscenity statute unconstitutional. State v. Gulf States Theatres of La., Inc., 287 So.2d 496 (1973). See, also, State v. Shreveport News Agency, Inc., La., 287 So.2d 464 (1973); State v. McNutt, La., 287 So.2d 478 (1973); Gulf States Theatres of La., Inc. v. Richardson, La., 287 So.2d 480 (1973).
For the reasons assigned in these decisions, which held the obscenity statute upon which this prosecution is based to be unconstitutional in the light of the mandate of the United States Supreme Court, the conviction and sentence of the defendant are set aside and the defendant is ordered discharged.
Conviction set aside pursuant to mandate of the United States Supreme Court.
SANDERS, C. J., dissents for the reasons assigned in his dissent in State v. Shreveport News Agency, Inc., La., 287 So.2d 464.
SUMMERS, J., dissents for the reasons assigned.
MARCUS, J., dissents and will assign reasons.
SUMMERS, Justice (dissenting).
I dissent. This conviction is not being set aside pursuant to a mandate of the United States Supreme Court. To the contrary, the discharge of this defendant is a result of this Court's four to three decision *498 and its erroneous interpretation of the principles governing obscenity announced by the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The error of the Court's decision by a bare majority is fully analyzed in three dissents in State v. Shreveport News Agency, Inc., 287 So.2d 464 (La. 1973).
MARCUS, Justice (dissenting).
I respectfully dissent for reasons assigned in my dissent in State v. Shreveport News Agency, Inc., 287 So.2d 464 (La. 1973).