MORIAL, Judge.
This cause was tried in the district court on a petition for injunction under the Abatement of Public Nuisances Act. LSA-R.S. 13:4711-13:4717. After trial on July 13, 1973, judgment was entered for the plaintiff on the single ground of the existence of obscenity as defined in LSA-R.S. 14:106 on the premises of defendant.
On December 13, 1973, the Supreme Court in Gulf States Theaters of Louisiana, Inc. et al. v. Richardson, La., 287 So. 2d 480, 493 stated:
“ * * * We are of the opinion that R.S. 13:4711-13:4717 are unconstitutional insofar as they attempt to regulate obscenity.
“The plaintiffs, defendants in reconvention, also attack these statutes and the injunction issued against them on the ground that R.S. 14:106A(2) is unconstitutional. The argument is that obscenity referred to in the nuisance statutes is, by those statutes, defined by the “Criminal Laws of this State”, (R.S. 14:106) and, therefore, if R.S. 14:106A(2) is unconstitutional, the nuisance statutes are unconstitutional and the injunction issued against them is illegal, void and of no effect. We have considered the constitutionality of R.S. 14:106A(2) and (3) in State v. Shreveport News Agency, Inc., La., 287 So.2d 464 (La.1973), and State v. McNutt, La., 287 So.2d 478 (La.1973).
“For the reasons assigned in State v. Shreveport News Agency, Inc., and State v. McNutt, plaintiffs’ allegation of unconstitutionality here is supported and, pursuant to the clear pronouncement by *6 the United States Supreme Court, we have declared R.S. 14:106(2) and (3) to be unconstitutional.”
Gulf States was recently reaffirmed in State of Louisiana v. Gay Times, Inc., Louisiana Supreme Court, 294 So.2d 496 (1974).
Plaintiff initiated this suit prior to the decisions of the Supreme Court in the cited cases. Since plaintiff filed no brief or appeared for oral argument, it is apparent that plaintiff is of the correct opinion that we can do nothing but abide by the decisions of the Supreme Court.
The judgment of the trial court is reversed. Plaintiff is to pay the costs of this appeal.
REDMANN, J., dissenting.
SCHOTT, J., concurs with written reasons.