BARHAM, Justice.
Relator, Lawrence Hungerford, has been found guilty and sentenced under a charge of exhibiting and displaying obscene material, in violation of R.S. 14 106.[1] We granted writs of certiorari, prohibition and mandamus.[2] On December 3, 1973, under the mandate of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and companion cases, this Court held R.S. 14.106(A) (2) and (3) to be unconstitutional in State v. Shreveport News Agency, Inc., 287 So.2d 464 (La.1973). This holding has been repeated in the following cases: State v. McNutt, 287 So.2d 478 (La.1973), and State v. Gay Times, Inc., La., 294 So.2d 496, decided April 29, 1974.
The argument is made in the instant case that this defendant was informed, in answer to a bill of particulars, that the prosecution was proceeding under R.S. 14:106(A) (7), as well as under R.S. 14:106 (A) (2) and (3). The contention is then made that R.S. 14:106(A) (7) is constitu *300 tional and that the conviction and sentence can stand.
For the reasons stated by the United States Supreme Court in Miller v. California, supra, and by this Court in previous decisions, we are mandated to declare R.S. 14:106(A) (7) unconstitutional. We adhere to the previous holdings in regard to R.S. 14:106(A) (2) and (3).
Since R.S. 14:106(A) (2) (3) and (7) are unconstitutional under the United States Supreme Court pronouncement in Miller v. California, supra, the conviction and sentence are annulled.
SANDERS, C. J., dissents with written reasons.
SUMMERS, J., dissents for the reasons assigned in State v. Todd, #54,022, La., 296 So.2d 296.
MARCUS, J., recused.
DIXON, J., concurs with reasons.

. Relator first appealed to this Court after conviction in the Criminal District Court for the Parish of Orleans on five counts of a bill of information charging him with obscenity. He was sentenced to pay a fine of $300 or serve 60 days on each of the five counts, for a total of $1,500 or 300 days. Appellate jurisdiction in that instance vested under La. Const. Art. 7, § 10. In May of 1973 we remanded the case to the district court for re-sentencing on one count only. State v. Hungerford, 278 So.2d 33 (La.1973).

. On remand to the Criminal District Court for the Parish of Orleans, relator was sentenced to pay a fine of $300 or serve 60 days in the Parish Prison on the one count. He then appealed to the appellate division of the Criminal District Court, since the Supreme Court no longer had appellate jurisdiction. La.Const. Art. 7, § 10. It is from the court that our supervisory jurisdiction was sought through application for writs.