304 So.2d 734 (1974)
Clarence B. GIARRUSSO
v.
NEW ORLEANS BOOK MART, INC., et al.
Nos. 6466-6469.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Michael Silvers, New Orleans, for defendants-appellants.
Blake G. Arata, City Atty., for plaintiff-appellee.
Before STOULIG, MORIAL and BOURG, JJ.
MORIAL, Judge.
Plaintiff instituted these suits against defendant and its four (4) lessors for an injunction under the Abatement of Public Nuisance Act. LSA-R.S. 13:4711-4717. Subsequently, each lessor posted bond pursuant to the provisions of LSA-R.S. 13:4715 and the proceedings were discontinued insofar as they affected each of the four (4) properties leased to New Orleans Book Mart, Inc., and described in plaintiff's petition.
In each case, the district court judgment declared defendant guilty of maintaining a public nuisance of obscenity in the City of New Orleans, directed the closing of its business at each location, and granted an *735 injunction prohibiting it from maintaining or carrying on or permitting the practice of obscenity upon the premises of each location.
Defendant filed a brief but did not appear for oral argument, while the plaintiff did neither.
The Supreme Court of Louisiana in Gulf States Theatres of Louisiana, Inc., et al. v. Richardson, 287 So.2d 480 (La. 1973) in declaring LSA-R.S. 13:4711-4717 unconstitutional stated:
"* * * The plaintiffs, defendants in reconvention, also attack these statutes and the injunction issued against them on the ground that R.S. 14:106A(2) is unconstitutional. The argument is that obscenity referred to in the nuisance statutes is, by those statutes, defined by the "Criminal Laws of this State", (R.S. 14:106) and, therefore, if R.S. 14:106A (2) is unconstitutional, the nuisance statutes are unconstitutional and the injunction issued against them is illegal, void and of no effect. We have considered the constitutionality of R.S. 14:106A(2) and (3) in State v. Shreveport News Agency, Inc., 287 So.2d 464 (La.1973), and State v. McNutt, 287 So. 2d 478 (La.1973).
"For the reasons assigned in State v. Shreveport News Agency, Inc., and State v. McNutt, plaintiffs' allegation of unconstitutionality here is supported and, pursuant to the clear pronouncement by the United States Supreme Court, we have declared R.S. 14:106(2) and (3) to be unconstitutional. For that reason and other reasons herein presented, we hereby declare R.S. 13:4711-4717 unconstitutional, insofar as they attempt to declare obscenity a public nuisance. * * *"
We are bound by the explicit holding of the Supreme Court of Louisiana. Accordingly, the judgment of the district court is reversed and the injunction is dissolved, vacated and set aside.
Reversed.